PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit.   June 26, 1913.)

No. 276.

RAILROADS (§ 209\*)—MONEY PAID TO RECEIVER—REIMBURSEMENT FOR OBLIGA-TIONS INCURRED—RIGHTS OF CREDITOR.

The receiver of a railroad company, which had operated the tracks of the M. Co. under a lease, in an apportionment proceeding was held entitled to reimbursement out of certain funds for an expenditure made on certain of the leased lines of the M. system, and for all other expenditures made and obligations incurred by the operating railroad company prior to the appointment of receivers for the purposes described in a provision of the lease. *Held*, that petitioner, having furnished paving gravel to the operating company to be used in the reconstruction of one of the lines of the M. system, and such gravel having been used for the improvement of the M. property, was within the requirements of the lease, and the receivers, having received money under the apportionment decree for the settlement of such debts, held the same as trustees for the petitioner to the extent of his claim.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 692-695; Dec. Dig. § 209.\*]

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another against the New York City Railway Company, the Metropolitan Street Railway Company, and others. An order was entered (196 Fed. 661), apportioning a fund in the hands of the receiver of the New York City Railway Company, which was modified and affirmed on appeal, after which the Hugh Thomas Company applied for payment to it of certain funds received by the receiver under the decree to reimburse the receiver's estate for obligations incurred under a lease by the Metropolitan Street Railway Company to the City Company. An order was entered in favor of petitioner (202 Fed. 607), and the receiver and others appeal. Affirmed.

Appeal from an order of the District Court, Southern District of New York, in the New York City Railway Company and Metropolitan Street Railway Company receivership proceedings.

This matter is an outcome of the "Apportionment Proceeding" (198 Fed. 778, 117 C. C. A. 560) to which reference should be had for the facts. In that proceeding it was held that the proceeds of the action at law constituted a fund to be used for improvements upon property of the Metropolitan Company and should be paid over to the receivers of that company by the City receiver less certain deductions. Among such deductions was the following:

"The receiver of the City Company is also entitled to reimbursement from said share for the expenditures made upon the Twenty-Third Street loop and the First Avenue line of said Metropolitan system, described in the foregoing findings of fact, and for all such other expenditures made and obligations incurred by the City Company prior to the appointment of receivers on September 24, 1907, for the purposes described in article XV of the lease made by the Metropolitan Company to the City Company, dated February 14, 1902, as shall hereafter be found due upon the accounting to be held upon further order of the court.   \*   \*   \* "

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The petitioner, the Hugh Thomas Company, furnished paving gravel to the amount of $869.09 to the City Company to be used in the reconstruction of the First Avenue line of the Metropolitan system and such gravel was in fact used for the improvement of the Metropolitan property and came within the purposes stated in article XV of the Metropolitan-City lease above referred to. Consequently, it is conceded by all parties that under the "apportionment decision" the City receiver had the right to retain the amount stated from the fund apportioned to the action at law, and the question presented in this case is whether the petitioner is entitled to it or whether it should be distributed among all the creditors of the City Company.

The District Court decided in favor of the petitioner.

Other material facts are stated in the opinion.

Dexter, Osborn & Fleming, of New York City (Matthew C. Fleming, of New York City, of counsel), for Ladd, as Receiver.

Masten & Nichols, of New York City (Arthur H. Masten, William M. Chadbourne, and Ellis W. Leavenworth, all of New York City, of counsel), for Robinson, as Receiver.

Geller, Rolston & Horan, of New York City (Bronson Winthrop and Charles T. Payne, both of New York City, of counsel), for Farmers' Loan & Trust Co.

R. R. Rogers, of New York City (J. Tufton Mason and Alfred Ely, Jr., both of New York City, of counsel), for New York Rys. Co.

Davies, Auerbach & Cornell, of New York City (Julien T. Davies and Brainard Tolles, both of New York City, of counsel), for Guaranty Trust Co.

Byrne & Cutcheon, of New York City (James Byrne, F. W. M. Cutcheon, and C. M. Travis, all of New York City, of counsel), for Pennsylvania Steel Co.

B. S. Catchings, of New York City, for committee of tort creditors.

O'Brien, Boardman & Platt, of New York City (Morgan J. O'Brien, Chas. E. Rushmore, George W. Hamlin, and Clarence G. Galston, all of New York City, of counsel), for Hugh Thomas Co.

Before COXE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The City receiver holds and has the right to hold the amount of the petitioner's demand. The question is whether he holds it in trust for the petitioner.

No express trust is shown. No lien is claimed. No agreement between the City Company and the Metropolitan Company running in terms to the petitioner or to the class to which it belongs appears. No express duty is imposed in its favor by the apportionment decree. The petitioner's demand must stand or fall as based upon an implied trust. And if a trust can be implied it must be upon the theory that although not stated so expressly the fund in question was really set aside by the action of the parties and the court for the payment of the petitioner's demand.

Now it must be regarded as established that where in a transaction between two persons an amount is permitted to be retained by one for payment to a third person, a trust will be created in his favor which

he may enforce.[1]  Western Tie, etc., Co., v. Brown, 196 U. S. 502, 25 Sup. Ct. 339, 49 L. Ed. 571; Carley v. Graves, 85 Mich. 483, 48 N. W. 710, 24 Am. St. Rep. 99; Matter of Le Blanc, 14 Hun (N. Y.) 8; Le Roy v. Globe Ins. Co., 2 Edw. Ch. (N. Y.) 657.  The underlying principle is the same as if money were placed in the hands of one person to be delivered to another and in such a case the Supreme Court has said (McKee v. Lamon, 159 U. S. 317, 322, 16 Sup. Ct. 11, 13 [40 L. Ed. 165]):

"There can be no doubt of the general proposition that when money is placed in the hands of one person to be delivered to another, a trust arises in favor of the latter, which he may enforce by bill in equity, if not by action at law."

In the present case, as already shown, there was no distinct agreement between the parties, nor did the apportionment decree order, that the moneys which the City receiver had the right to hold to *reimburse* his estate for obligations incurred should be used to meet such obligations.  But we think that such was the substance of the agreements and the decree.  The history of the transactions culminating in the order demonstrates, in our opinion, that the receiver of the City Company was entitled only to reimbursement for expenditures; that he had no right to retain any moneys except for such purpose, and that when he did retain them he assumed an obligation, enforceable in equity, to meet the obligation for which he retained them.

More in detail:  The lease and contracts show that the fund in question was provided for the purpose of reimbursement for expenditures—to enable the City Company to pay debts incurred by it in construction work—and not for the purpose of paying it the value of improvements made.  The instruments repeatedly refer to "expenditures."  Moreover in practice it appears that the City Company received reimbursement only for money actually expended.  Manifestly it was not intended that the City Company should do the work on credit, leave its obligations unpaid, acquire a floating debt and subject the Metropolitan property to mechanics liens.  Besides, the relations of the parties were such that the City Company had no right to collect more than it expended.  Both the agreements and the decree contemplated *indemnification*—reimbursement of out-of-pocket expense.  The City receiver holds an amount representing the petitioner's demand.  He holds it to reimburse himself on account of such demand.  Every equitable consideration requires that he should pay it over.  And it is quite immaterial that the petitioner may have known nothing about the City-Metropolitan arrangements when it delivered the gravel.

For these reasons we hold that upon the agreements and the decree the City receiver by deducting from the fund and holding moneys on account of construction obligations became charged with a duty to the Metropolitan interests to discharge such obligations upon which a trust arose enforceable in equity in favor of the construction creditors like the petitioner, and, consequently, that the District Court was right in holding the petitioner entitled to payment.

[1] Dillon v. Barnard, 21 Wall, 430, 22 L. Ed. 673, is not regarded as inconsistent with this statement.

In the circumstances the receiver as a trustee was not chargeable with any more interest than he actually received.

The order of the District Court is affirmed with costs.