BARNES et al. v. MARTIN.

(District Court, S. D. New York. November 30, 1917.)

CORPORATIONS ⊂⊃579(4)—REORGANIZATION—LIEN—TRUST.
    Where defendant's testator, who purchased the assets of a bankrupt company and organized a new corporation to carry out plans for reorganization, and for that purpose collected moneys from the stockholders of the bankrupt corporation which according to the reorganization plan were to be used to pay the debts of the bankrupt corporation and free its property from liens, the moneys so received were not impressed with any trust which could be enforced by holders of liens on the property of the bankrupt corporation.

In Equity. Bill by William Barnes and Annie C. Barnes, as executor and executrix of the last will and testament of Albert Barnes, deceased, against Myra B. Martin, as sole surviving executrix of the last will and testament of Walter S. Logan, deceased. Bill dismissed.

John C. Rowe, of New York City (Herbert H. Flagg, of New York City, of counsel), for complainants.

Cadwalader, Wickersham & Taft, of New York City (George Coggill, of New York City, of counsel), for defendant.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

AUGUSTUS N. HAND, District Judge. Certain oil lands were purchased by the Forward Oil Producing Company subject to prior liens in the nature of a purchase-money mortgage held by complainants' testator, which the Forward Oil Producing Company agreed to pay. The lands were then conveyed by the latter company subject to these liens to the Sabine Produce & Irrigation Company. The Forward Oil Producing Company was apparently a subsidiary company of the Forward Reduction Company, who held its stock. This last-named company was adjudicated a bankrupt, and defendant's testator sent a letter to its stockholders containing a proposal for a plan of reorganization of which the following is a copy:

"Proposed Plan of Reorganization of the Business of the Forward Reduction Company.

"A new company is to be organized under the laws of the state of West Virginia with a capital of $5,000,000, divided into 500,000 shares of the par value of $10 each, to be called the Orange Oil & Refining Company.

"This company is to acquire the assets of the Forward Reduction Company.

"A part of such assets consists of the stock of subsidiary companies. The new company may acquire either the stock of any of these companies or its property as may be easiest.

"Each stockholder of the Forward Reduction Company may take stock in the Orange Oil & Refining Company, not exceeding the number of shares held by him in the Forward Reduction Company, upon contributing and paying to the treasury of the Orange Oil & Refining Company within thirty days after notice to pay the same $2 a share, and assigning to said Orange Oil & Refining Company his stock in the Forward Reduction Company. The money so contributed and whatever more may be necessary out of the proceeds of the treasury stock sold shall be used to pay the incumbrances upon the real estate of the Forward Oil Producing Company and in payment of the debts of the Forward Reduction Company, the Forward Oil Producing Company, and the other subsidiary companies above mentioned, and any balance shall go into the treasury of the Orange Oil & Refining Company.

"All the stock of the Orange Oil & Refining Company not so taken or used shall remain in the treasury as a working capital and to be sold and disposed of for treasury purposes.

"New York, Sept. 25, 1902."

Defendant's testator purchased the assets of the Forward Reduction Company, which included the stock of the Forward Oil Producing Company. The complainants in a suit brought to foreclose their lien proceeded to sale, and were unable to satisfy it owing to prior liens upon the oil lands and insufficiency of price secured.

Defendant's testator organized the Orange Oil & Refining Company to carry out the plan of reorganization, and for the purpose of such reorganization recovered and collected $128,699.55 which he did not apply to pay the incumbrances of the Forward Oil Producing Company, but converted to other uses. The failure to do this complainants allege to have been a breach of trust. They ask for an accounting from the defendant and a direction that the latter pay over to the complainants a sum sufficient to discharge the amount of their lien.

The cause of action is based upon the theory that Mr. Logan by the receipt of moneys called for by the plan of reorganization became a trustee for the benefit of complainants. I do not think this position can be maintained. It is to be said at the outset that it is nowhere al-

leged, though such an allegation would probably make no difference, that Logan did not apply the moneys he received to corporate purposes of the Orange Oil & Refining Company. It is to be assumed, therefore, that he turned these moneys over to the corporation, as would have been his plain duty. I do not think that the mere indication of how the new company was to employ the money so to be received from Logan can in any fair sense be regarded as intended to create any arrangement to benefit the lien creditors of the Forward Oil Producing Company, or to create a trust in their favor. The line of cases which have grown up since the doctrine of Lawrence v. Fox, 20 N. Y. 268, was enunciated are much more strictly limited than this, whether the right be asserted as in some of our jurisdictions at law or as in the federal courts in equity. There must be a clear purpose to make an agreement for the benefit of a third party to give him any right to enforce a contract between others. As Judge Noyes said in Pennsylvania Steel Co. v. New York City Ry. Co., 198 Fed. 749, 117 C. C. A. 503:

"* * * One thing is essential to the right, and that is that the third person be the real promisee; that the promise be made to him in fact, although not in form. It is not enough that the contract may operate to his benefit. It must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise."

Can it be for a moment imagined that the stockholders here intended to end all discretion either of themselves or their directors as to payment of liens which the new corporation had not assumed if the property on which these liens were imposed should turn out upon further investigation to be worth less than the incumbrances. It may be if the directors refused to pay these liens that a stockholder's bill would lie to compel payment if the property turned out worth redemption. If such a decree were made, a trust might be created by the parties and the court as was done in the Hugh Thomas Case, Pennsylvania Steel Co. v. New York City Railways Co., 206 Fed. 663, 124 C. C. A. 463. There it was adjudged that the City Railways Company should be paid $8,000,000 by the Metropolitan Street Railway Company by reason of the obligations the former had incurred for the latter. Payment was decreed to the creditors to whom the City Railways Company had obligated itself upon the theory that that company was not entitled to receive the $8,000,000 from the Metropolitan Street Railway at all except to discharge the obligations which it had incurred for the benefit of the Metropolitan Street Railway Company, and unless it should disburse the fund for that purpose. Under these circumstances a petitioning creditor was allowed to obtain payment of his claim from the fund upon the ground that it had been set apart by the action of the court and the parties for his benefit.

The present case more nearly resembles the cases of Dillon v. Barnard, 21 Wall. 430, 22 L. Ed. 673, Columbus, Sandusky & Hocking Ry. Appeals, 109 Fed. 177, 48 C. C. A. 275, New York Security & Trust Co. v. Louisville, etc., Ry. (C. C.) 97 Fed. 226, and Mott v. New York Security & Trust Co., 29 Misc. Rep. 39, 60 N. Y. Supp. 357, cited by the counsel for the defendant. The complainants have neither privity nor right of any kind to invoke the reorganization plan,

and, as the case arises upon the construction of that document, no amendment can avail them.

A final decree should therefore be granted dismissing the bill without costs and without leave to amend.