STATEN ISLAND CRICKET & BASEBALL CLUB v. FARMERS' LOAN &
                              TRUST CO.

(Supreme Court, Appellate Division, Second Department.   June 6, 1899.)

MORTGAGES—LIABILITIES OF TRUSTEES—PAYMENT OF INTEREST.

> A mortgage was executed to a trustee to secure bonds. Principal and interest were payable at the office of the mortgagor, but it remitted interest annually to the trustee to be paid to the bondholders. The trustee opened a special account with the mortgagor, crediting the latter with the amount received, and debiting it with the amount paid out. The usual form of correspondence was for the mortgagor to write that it remitted a certain sum to pay interest due on a stated date on the bonds, with a commission to the trustee, and for the trustee to reply that the remittance was received to the credit of the mortgagor's account to pay the coupons of a given date. *Held*, that the remittances do not make the trustee a trustee of them for the benefit of the coupon holders, but that the relation of principal and agent exists, so that the unexpended balance of a remittance may be recalled, though all the coupon holders have not been paid.

Appeal from trial term, Richmond county.

Action by the Staten Island Cricket & Baseball Club against the Farmers' Loan & Trust Company to recover money remitted by plaintiff to defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David McClure, for appellant.

Arnold W. Sherman, for respondent.

HATCH, J.   The controversy between the parties to this action furnishes quite a narrow issue, and one not difficult of statement, however troublesome it may be of determination. The plaintiff executed to the defendant, as trustee, two mortgages; one in April, 1886, and the other in October, 1892.   The purpose of the mortgages was to secure the payment of certain registered bonds issued by the plaintiff, the first issue being of $15,000 and the second $20,000.   By the terms of the bonds, interest and principal were payable at the office of the plaintiff in the county of Richmond.   It is not claimed by either party that the terms of either mortgage required the payment of interest or principal at the place of business of the defendant, or that it, by the terms of the mortgages, stood in the relation of trustee to the bondholders for either principal or interest of the bonds. It simply held the mortgages as trustee for the parties, and could enforce them upon certain contingencies for the benefit of the bondholders.   In the payment of interest, however, the plaintiff remitted annually to the defendant the amount thereof due upon the bonds, and requested it to make the payments of interest to the coupon holders, for which the plaintiff paid a small commission.   The defendant opened a special account with the plaintiff in respect of these interest moneys, crediting the plaintiff with the amount received, and debiting it with the amount paid out.   The relation between the parties in this respect was expressed in their correspondence, which was, in usual form, for the treasurer of the plaintiff to write that he re-

mitted such an amount for the payment of interest due upon a stated date on the bonds, with a commission to the defendant.   To this the defendant replied, in somewhat varying form, that the remittance was received to the credit of the plaintiff's account to pay the coupons under a given date.   In the course of time the defendant came to have in this account $498.50 over and above the amount paid upon the due coupons.   This sum the plaintiff demanded of the defendant, and, refusal to pay being made, brought this action to recover the same.   The claim of the plaintiff is that the defendant, so far as this account is concerned, was its fiscal agent, and that the deposit of the moneys with it for the payment of the interest constituted it a mere depositary for that purpose, and that it had the right, at any time before actual disbursement of the moneys, to withdraw the same. On the part of the defendant it is claimed that the annual remittance of this money to it created irrevocable trusts in the same for the benefit of the coupon holders, and that, as the coupons had not yet been presented for the whole sum, it was required to hold the same to meet such demand.   In support of this contention the defendant, while not claiming that it was created a trustee for this purpose by virtue of the mortgages, asserts that it became a trustee by virtue of the remittance of the money to it for the particular purpose, and that the case is therefore brought within the familiar doctrine enunciated in Lawrence v. Fox, 20 N. Y. 268.   It is quite easy to see that in strictness the parties have not brought their contract within the terms of this case.   The defendant has entered into no agreement to pay the bondholders, nor has it made any promise that it would pay them.   The promise to pay in the case relied upon was the controlling circumstance which authorized the maintenance of the action by the party for whose benefit the promise was made.   In the present case, not only is there no promise, but in the letter acknowledging the receipt of the money the statement is that it has been passed to the credit of the plaintiff's account.   This simply constituted a relation of debtor and creditor.   We are of opinion that by the act of deposit the plaintiff did not constitute the defendant a trustee, or impress the money with a trust inuring to the benefit of the bondholders; that its only effect was to constitute the defendant the agent of the plaintiff to distribute its moneys as it directed, and by virtue of the authority which it had to give the direction it had authority to revoke it, and demand a return of its moneys.   The case is therefore brought within the authority of Kelly v. Roberts, 40 N. Y. 432, Ætna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 82, and kindred cases.   In Machine Works v. Kelley, 88 N. Y. 234, relied upon by the defendant, there was an express declaration of trust in the receipt given by the bank to the depositor.   The intention was therefore clear to create a trust for the benefit of the holders of the coupons, and the bank, by acceptance, became a trustee of the money, and the title thereto passed to it in trust under such arrangement.   In the present case there is no declaration of trust by the plaintiff, nor words from which a trust could be spelled out.   Aside from the continued course of dealing, there is not a circumstance here found present which would be different from a deposit of money with any other

bank, accompanied by a direction to pay such coupons as might be presented.    Under such circumstances, title to the money would not pass; the bank would hold it as the mere disbursing agent of the depositor.    Continued dealings of such character would not suffice to create a trust, or change the character of the deposit.    It may be admitted that special circumstances might be shown which would change the character of the deposit, and impress it with a trust. Such circumstances existed and were proved in Straus v. Bank, 122 N. Y. 379, 25 N. E. 372, and the court held it sufficient to indicate a purpose to devote the money to a specific use, and that a trust was thereby created.    There was not only, in that case, a disclosed purpose, but there was also a specific direction respecting the disposition of the money.    There may be cases of insolvency and deposit under such circumstances as will clearly show an intent to pass title to the money, and secure it to meet the requirements of a particular purpose.    We find no such purpose or intention in the present case. The bonds and coupons were payable at the plaintiff's office.    It continued to remain liable for their payment, and is now so liable, unless the statute of limitations has run against them.    It was not insolvent, and nothing appears tending to show that the method adopted for making payment of interest was intended for any other purpose than mere convenience.    We conclude, therefore, that no trust was created, that no liability was incurred by the defendant to any of the bondholders, and that it is protected in following the directions of its principal.    It was therefore bound to pay over to the plaintiff, upon demand, the unexpended portion of the deposit.    This leads us to the conclusion that the judgment should be affirmed.

Judgment affirmed, with costs.    All concur.