### GUIDISE v. ISLAND REFINING CORPORATION.

### Ex parte HILL et al.

(District Court, S. D. New York.   March 30, 1923.)

1. **Banks and banking** ⊚▭130(1)—**No trust created by sending money to bank for payment of interest coupons.**

Though corporate mortgagor in sending money to trustee, a bank, for payment of interest coupons shortly falling due, did so with understanding that bank should distribute the fund to those entitled thereto, and that mortgagor should have nothing more to do with it, no trust was created.

2. **Courts** ⊚▭372(1)—**Question whether trust created held one of general law, but state court's decisions to be followed in case of doubt.**

Question whether sending by corporate mortgagor to bank of money for payment of interest coupons shortly to fall due created a trust is one of general commercial law, as to which federal judges are not required to follow state court's decisions, but they should do so in case of doubt.

In Equity.   Suit by Edward A. Guidise against the Island Refining Corporation.   On motion by Charles B. Hill and another, as receivers of the defendant, to compel payment to them of certain funds.   Petition granted.

Motion on petition by a general receiver on sequestration to compel the trustee under a mortgage to pay over certain funds. The Island Refining Corporation executed a mortgage and a series of coupon bonds in conventional form in which the Metropolitan Trust Company was named as trustee. Each coupon was payable at the office of the trustee, and it was the mortgagor's custom to remit to the trusee, which was a bank, the necessary funds to meet the coupons a little before they fell due. These remittances were credited to accounts in the bank, entitled "Island Refining Corporation Coupon Account"; a separate account being set up for each installment of semiannual interest. As the coupons were presented, the bank's cashier paid them out of the proper "Coupon Account" by cashier's check.

The receiver claims against the bank the balance in each of the "Coupon Accounts" arising from the failure of some of the holders to present their coupons.

Reese D. Alsop, of New York City, for petitioner.
Wallace T. Stock, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). I cannot conceive any legal distinction between a fund deposited in a bank to meet a declared dividend, and called a "Dividend Account," and a similar fund deposited to meet coupons and called a "Coupon Account."   A declared dividend is universally regarded as a debt, and a coupon is, of course, no more than a secured debt.   How it can be thought, ceteris paribus, that one account should be a trust fund, and another not, passes the limit of my discrimination.   But this case concerns coupons, and however the law be written I must try to spell it out.

⊚▭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The fact that the fund remains subject only to the obligor's order has usually been deemed enough to rebut the inference of a trust. There must be some intention to give the beneficiary irrevocable rights in the res, and that scarcely comports with the obligor's sole right to draw. That was the case in Re Interborough Consol. Co. (Ex parte Gustave Porges) 288 Fed. 334 (C. C. A. 2, January 16, 1923), and it is authoritative on me even if I did not agree with it, which (though that makes no difference) I do.

In the case at bar the funds when deposited were plainly enough earmarked for their purpose and the bank disbursed them directly upon presentation of the coupons. That method of paying the debts might, I should think, be interpreted either way. I do not mean that it is of any moment that the bank was also the trustee under the mortgage. What seems to me of consequence is that each remittance was sent on with the understanding that the obligor should not have anything more to do with it, and that the bank should distribute it to those who were entitled. That, I should think, might well have been treated as an irrevocable release of control, and so a valid declaration of trust. At least, in such a case, where the whole thing turns on how you will interpret papers whose meaning is entirely indeterminate, I should incline to think that the obligor showed by its practice that it was permanently done with the funds. Of course, that does not mean that the debt was paid. Adams v. Hackensack Improvement Commission, 44 N. J. Law, 638, 43 Am. Rep. 406.

[2] But the whole thing is very tenebrous at best, and it is more important that the law should be certain than that ideal justice should be done, whatever that may mean. In Noyes v. First National Bank, 180 App. Div. 162, 167 N. Y. Supp. 288, the bank paid the coupons out of the fund by its own checks, and still no trust arose. The Court of Appeals accepted Mr. Justice Scott's opinion as its own (224 N. Y. 542, 120 N. E. 870), and that settles the law there against my supposed test. Of course, this is a matter of general commercial law, and federal judges are free to follow their own notions; but it is undesirable to do so, unless one's convictions are firmer than my own. Anyway this case, along with Staten Island Cricket & Baseball Club v. Farmers' L. & T. Co., 41 App. Div. 321, 58 N. Y. Supp. 460, on which it stood, was approved in Re Interborough Consol. Co. (Ex parte Gustave Porges) supra, and indeed appears to have been the basis of that decision. The distinction which I have ventured to suggest as possibly critical was ignored, and I have no doubt that it would be overruled, if now made a point of departure. There is no distinction between the state law and the case at bar.

Petition granted.