Geneva Erb, Respondent, *v.* Banco di Napoli, Appellant.

**Banks and banking — principal and agent — relation of banker and depositor that of debtor and creditor — no trust for benefit of third party — action may not be maintained for value of lost coupons against bank with which money had been deposited for payment when presented and surrendered — authority of agent not enlarged by section 333 of Civil Practice Act.**

1. Directions standing alone to a bank or to an agent do not constitute an agreement by the bank or the agent for the benefit of a third party. The relation of banker and depositor is that of debtor and creditor, and has in it none of the elements of a trust. For a breach on the part of the bank of its obligation, the depositor alone can sue. (*Lawrence* v. *Fox,* 20 N. Y. 268, distinguished.)

2. An action may not be maintained against a bank, with which funds have been deposited to pay coupons on bonds, to recover the value of certain of such coupons which have been lost and destroyed, and this is especially so where the depositor has given directions to the bank to pay the coupons " on their presentation and surrender to it but not otherwise." Section 333 of the Civil Practice Act cannot

enlarge or create, nor can the court modify, the authority of an agent. (*Noyes* v. *First Nat. Bank*, 180 App. Div. 162; 224 N. Y. 542, followed; *Holland Trust Co.* v. *Sutherland*, 177 N. Y. 327; *Ross* v. *Curtis*, 30 Barb. 238; 31 N. Y. 606, distinguished.)

*Erb* v. *Banco di Napoli*, 213 App. Div. 264, reversed.

(Argued May 5, 1926; decided May 25, 1926.)

APPEAL, by permission, from a judgment entered August 18, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a determination of the Appellate Term reversing a judgment of the Municipal Court of the city of New York in favor of plaintiff and affirmed the Municipal Court judgment.

*Carroll G. Walter* and *Ralph Atkins* for appellant. A deposit of money with a bank or trust company for the purpose of paying interest coupons creates the relationship either of debtor and creditor or of principal and agent between the bank or trust company and the depositor, and does not create a trust in favor of the coupon holders or make the bank or trust company an agent of or trustee for such holders. (*Noyes* v. *First National Bank*, 180 App. Div. 162; 224 N. Y. 542; *Staten Island Cricket & B. B. Club* v. *Farmers' Loan & Trust Co.*, 41 App. Div. 321; *Rogers Locomotive Works* v. *Kelley*, 88 N. Y. 235; *Holland Trust Co.* v. *Sutherland*, 177 N. Y. 327; *Baldwin's Bank* v. *Smith*, 215 N. Y. 76; *Kelly* v. *Roberts*, 40 N. Y. 432; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 N. Y. 82; *Title Guarantee & Trust Co.* v. *Haven*, 214 N. Y. 468; *Steel Cities Chemical Co.* v. *Virginia-Carolina Chemical Co.*, 7 Fed. Rep. [2d] 280.) If the relationship between the defendant and the Kingdom of Italy be viewed purely as that of the conventional relation between bank and depositor, then it is clear that the plaintiff cannot maintain an action against this defendant. (*Hentz* v. *National City Bank*, 159 App. Div. 743; *O'Connor* v. *Mechanics' Bank*, 124 N. Y. 324; *First National Bank* v.

*Clark,* 134 N. Y. 368; *Hall* v. *Lauderdale,* 46 N. Y. 70; *Gledhill* v. *Schiff,* 224 N. Y. 593; *Crawford* v. *West Side Bank,* 100 N. Y. 50.) Section 333 of the Civil Practice Act has no application to this action. (*Tuttle* v. *Standish,* 4 Allen [Mass.], 481; *Smith* v. *Rockwell,* 2 Hill, 482.)

*J. B. Erb* and *Henry Amerman* for respondent. The law will infer a promise by defendant to pay to bondholders the amounts it receives for their benefit pursuant to the terms and conditions of the bonds. (*Weston* v. *Barker,* 12 Johns. 276; *Ellward* v. *Monk,* 5 Wend. 235; *Lawrence* v. *Fox,* 20 N. Y. 268; *Burr* v. *Beers,* 24 N. Y. 178; *Ross* v. *Curtis,* 30 Barb. 238; *Del. & Hud. Canal Co.* v. *Westchester Co. Bank,* 4 Den. 97; *Arnold* v. *Lyman,* 117 Mass. 404; *Holland Trust Co.* v. *Sutherland,* 177 N. Y. 327; *Matter of Le Blanc,* 14 Hun, 8; *Hurd* v. *Farmers L. & T. Co.,* 63 How. Pr. 314; *Marvin* v. *Brooks,* 94 N. Y. 71.) Coupons, such as those forming the basis of this action, are promissory notes within the purview of section 333 of the Civil Practice Act. (*Rolston* v. *R. R. Co.,* 21 Misc. Rep. 439; *Evertson* v. *Nat. Bank, etc.,* 66 N. Y. 14.)

CRANE, J. The Appellate Division has certified that we should review the law in this case. The agreed statement of facts was submitted to the Municipal Court, which gave judgment for the plaintiff. The Appellate Term reversed that judgment and dismissed the complaint. The Appellate Division has reversed the Appellate Term and sustained the Municipal Court. We have determined that the submitted facts do not go far enough to sustain the plaintiff's claim, and that the complaint should be dismissed. I will state our reasons.

The Kingdom of Italy issued bonds which were negotiated or sold in the State of New York. On their face they provided: " Such principal and interest will be paid at the office of the Banco di Napoli in the borough of Manhattan, city of New York, United States of America,

in gold coin of the United States of America, of the standard of weight and fineness existing on January 1st, 1920."

The coupons attached to the bonds read as follows:

" The Government of the Kingdom of Italy promises to pay to bearer at the office of the Banco di Napoli, in the Borough of Manhattan, City of New York, United States of America $32.50 in gold coin of the United States of America, without deduction for Italian taxes, present or future, being six months interest then due on the Government of the Kingdom of Italy, six and one-half per cent gold bond No. M2337."·

The plaintiff possessed three of these coupons dated August 1, 1922, which were lost and destroyed by dropping through the trolley-slot of the Broadway Street Railway.

The Kingdom of Italy had provided funds to meet its obligations.   The agreed facts contained this statement:

" That the Kingdom of Italy has supplied the defendant with the funds wherewith to pay these coupons in the City of New York, on their presentation, and surrender to it, but not otherwise.   Defendant is without authority from the Kingdom of Italy to part with said funds for or on account of such interest coupons, except on their presentation and surrender."

In thus providing the defendant bank with money to pay the accruing coupons upon its bonds, did the Kingdom of Italy change the conventional relationship which exists between a bank and its depositor into one of trust so that the plaintiff, the holder of the coupons, can sue directly the alleged trustee having the funds?

The plaintiff has obtained a recovery upon the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268).  · As has been repeatedly stated, the fundamental fact in that case was the agreement made upon consideration to pay money received to a third party.   We find no such agreement to pay contained in the agreed statement of facts in this case.

Directions standing alone to a bank or to an agent do not constitute an agreement by the bank or the agent for the benefit of a third party. In *Ætna National Bank* v. *Fourth National Bank* (46 N. Y. 82) it was decided that the relation of banker and depositor is that of debtor and creditor, and has in it none of the elements of a trust. For a breach on the part of the bank of its obligation, the depositor alone can sue. This court said: "*Lawrence* v. *Fox* (20 N. Y., 268) was upon an express promise, to pay a sum of money received by the defendant, from a debtor of the plaintiff, to the plaintiff; and the promise was the consideration upon which, and upon which alone he received the money. The money was appropriated by the debtor, to the payment of the debt to the plaintiff, and intrusted to the defendant upon an express promise to pay that debt."

The facts as presented in the statement bring these lost coupons under the rule applicable to notes and checks to pay which money has been deposited with or sent to a bank. The holder cannot sue the bank. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76, page 82.) The case of *Noyes* v. *First National Bank of New York* (180 App. Div. 162; affd., 224 N. Y. 542) seems to be directly in point. There it was held that money sent to a bank to pay interest coupons and entered by the bank in a special account for this purpose did not create a trust in favor of the holders of outstanding coupons. This was also the decision in *Staten Island Cricket & Baseball Club* v. *Farmers' Loan & Trust Co.* (41 App. Div. 321), where the same element was lacking as pointed out here. "The defendant," said the court, "has entered into no agreement to pay the bondholders, nor has it made any promise that it would pay them." (See, also, *Matter of Interborough Consolidated Corp.*, 288 Fed. Rep. 334; *Kelly* v. *Roberts*, 40 N. Y. 432.)

*Holland Trust Co.* v. *Sutherland* (177 N. Y. 327), cited

**4**

by the respondent, is distinguished and explained by Scott, J., in the *Noyes* case, while *Ross* v. *Curtis* (30 Barb. 238; affd., 31 N. Y. 606), quoted in the Appellate Division opinion in this case, dealt with a statutory duty imposed upon the defendant, a town supervisor.

As before stated, we find no fact which creates the Banco di Napoli a trustee for the plaintiff or justifies an action against it for the interest on the Italian bonds.

There is, moreover, another reason why this suit cannot be maintained. While the relation existing between a bank and its depositor, in a strict sense, is that of debtor and creditor, in discharging its obligation as a debtor, the bank must do so subject to the rule obtaining betwee . principal and agent. It can pay out the money or in conformity to directions. (*Crawford* v. *West S. Bank*, 100 N. Y. 50, 53.)

The Italian government gave directions to the Banco di Napoli, its depositary agent, " to pay these coupons in the City of New York, on their presentation and surrender to it but not otherwise. Defendant is without authority from the Kingdom of Italy to part with said funds for or on account of such interest coupons except on their presentation and surrender." I do not see how any court can modify these instructions so as to protect the bank in its accounting with its depositor. The plaintiff did not have her coupons to surrender. Section 333 of the Civil Practice Act cannot enlarge or create the authority of an agent, however binding it might be upon a suable principal. (*Gledhill* v. *Schiff*, 224 N. Y. 593.)

I recommend, therefore, that the judgment of the Appellate Division should be reversed, and the determination of the Appellate Term affirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Cardozo, Pound and McLaughlin JJ., concur; Andrews and Lehman, JJ., absent.

Judgment accordingly.