## SINCLAIR CUBA OIL CO., S. A., v. MANATI SUGAR CO. et al.

## CENTRAL HANOVER BANK & TRUST CO. v. SAME.

District Court, S. D. New York.

April 23, 1932.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Robt. T. Swaine and Alfred McCormack, both of New York City, of counsel), for Irving Trust Co.

Larkin, Rathbone & Perry, of New York City (Jas. L. Banks, Jr., of New York City, of counsel), for Central Hanover Bank & Trust Co.

COXE, District Judge.

This is a motion to compel Central Hanover Bank & Trust Company to turn over to the receiver of Manati Sugar Company unapplied bond interest moneys amounting to $15,066.25. The bonds upon which the interest was payable were obligations of the sugar company and were in coupon form; they were secured by a mortgage in which Central Hanover Bank & Trust Company was named as trustee; and both bonds and coupons specified payment at the "office or agency" of the sugar company in New York City. In the mortgage, the sugar company covenanted to maintain an "office or agency" in New York City for the payment of the bonds and coupons; it was also provided in article 37 that any money received by the trustee under any provision of the mortgage might be treated "as a general deposit, without any liability for interest."

The amount held by the trust company, and forming the subject of the present motion, represents an accumulation of interest

moneys applicable to various interest dates, as follows: October 1, 1928, $92.50; April 1, 1929, $116.25; October 1, 1929, $116.25; April 1, 1930, $217.50; October 1, 1930, $4,-638.75; April 1, 1931, $9,885.

In addition to acting as trustee under the mortgage, the trust company was, by separate instrument, appointed "the Agent of the company for the payment of principal and interest" of the bonds; and its principal office was designated as the "office or agency of the company for such purpose." The practice followed in providing for the payment of the coupons was for the sugar company to send to the trust company a check for the entire amount of interest payable on a particular date, with a covering letter stating that the check was "to meet payment of," or "representing amount required to pay," the installment of interest then due, or presently to become due, and asking the trust company to receipt and return the voucher inclosed. This voucher was on one of the sugar company's regular bill forms, and receipted for the amount of the check as "the amount required to pay six months interest" on the bonds due on a specified date. Ordinarily, this voucher was the only acknowledgment by the trust company of the remittance, but on September 30, 1929, the trust company, in acknowledging receipt of a check for $224,325, "to be applied to the payment of maturing instalments of interest due Oct. 1, 1929," wrote the sugar company: "This money is received by us as a trust fund for the payment of interest as it matures, and we would thank you to confirm our understanding."

In replying, the sugar company wrote the trust company on October 2, 1929: "Referring to your letter of September 30, 1929, we confirm your understanding that the amount of $224,325—which we deposited with you on September 30, 1929, represents a trust fund for the payment of interest due October 1, 1929, on its Twenty Year 7½% Sinking Fund Gold Bonds."

Prior to September 1, 1930, all coupon moneys received by the trust company were kept in a special coupon account in the name of the sugar company; but after that date the trust company opened and maintained separate accounts for the funds applicable to the different maturities; on none of these special accounts was interest allowed or paid by the trust company.

 There is no substantial difference between the federal and state law on the question presented by this motion. Staten Island

C. & B. Club v. Farmers' Loan & Trust Co., 41 App. Div. 321, 58 N. Y. S. 460; Noyes v. First National Bank, 180 App. Div. 162, 167 N. Y. S. 288, affirmed 224 N. Y. 542, 120 N. E. 870; Erb v. Banco di Napoli, 243 N. Y. 45, 152 N. E. 460, 50 A. L. R. 1009; In re Interborough Consol. Corp'n (C. C. A.) 288 F. 334, 32 A. L. R. 932; Steel Cities Chem. Co. v. Virginia-Carolina Chem. Co. (C. C. A.) 7 F.(2d) 280; Guidise v. Island Ref. Corp'n (D. C.) 291 F. 922. The question is always one of intention to be derived from the documentary language and the course of dealing between the parties. Thus in Rogers L. & M. Works v. Kelley, 88 N. Y. 234, 237, the receipt for the remittance stated specifically that the money was received "in trust, to apply the same to an equal amount of the coupons of the first mortgage bonds;" and it was held that this indicated an intention to devote the fund "exclusively to the payment of the coupons, and to place it in their hands [i. e., the trustees'] as trustees for that purpose." In Staten Island C. & B. Club v. Farmers' L. & T. Co., supra, and Noyes v. First National Bank, supra, on the other hand, there were merely deposits in regular banking institutions to the credit of special accounts in the names of the obligors, with directions to pay the coupons direct to the coupon holders as presented; and it was accordingly held that there was nothing to indicate an exclusive appropriation of the fund for the benefit of the coupon holders. The same was true in the Erb Case, supra. And in the Interborough Case (C. C. A.) 288 F. 334, 32 A. L. R. 932, the facts were stronger in favor of the debtor and creditor relation than in the Noyes and Erb Cases, because the interest payments were there made by checks drawn on the account by the obligor, and were not made directly to the coupon holders by the trust company. Steel Cities Chem. Co. v. Virginia-Carolina Chem. Co., supra, went off on the peculiar phraseology of the letters of transmittal and the terms of the mortgage; and the significance of that case for the purpose of the present discussion is that it follows Rogers v. Kelley, supra, in finding the intention almost entirely from the language appearing in the correspondence.

 The present case falls, I think, within Rogers v. Kelley, supra, and Steel Cities Chem. Co. v. Virginia-Carolina Chem. Co., supra, because of the express recognition of the trust relation in the letters exchanged by the two companies on October 1 and October 2, 1929. It is true that these letters concerned specifically only the interest pay-

ment of October 1, 1929, but I do not think that they should be confined exclusively to that payment; for the relation between the two companies was a continuing one, and a trust established for one payment would, in the absence of proof to show a subsequent contrary intention, indicate a trust relation for the later payments.

■ It is, however, urged by the receiver that the assistant treasurer of the sugar company was without power under the by-laws of the company to write the letter of October 2, 1929, and thereby change the position of the trust company from that of an agent to a trustee; but it is, I think, a sufficient answer to this contention that the assistant treasurer, who made the remittance to the trust company, had also incidental power to effect the necessary arrangements to consummate the payment. A similar.point was made and rejected in Rogers v. Kelley, supra.

It follows that the motion of the receiver must be denied, and an order may be entered declaring the unapplied moneys amounting to $15,066.25, held by Central Bank & Trust Company, a trust fund for the benefit of the coupon holders.