Frederick C. Dumaine,
Trustee, &c.
vs.    No. 88598.
Narragansett Cotton Mills,
Inc.

July 29, 1932.

BAKER, P. J. This matter was heard by the Court on the defendant's motion to determine whether or not the garnishee, the Industrial Trust Company, is chargeable to the plaintiff as to certain sums which have been deposited by the former. The controversy does not involve the rights of any innocent third parties but is merely between an alleged debtor and creditor.

The first sum in question is one deposited in a special account to meet the defendant's pay-rolls. At the hearing the defendant practically admitted that the amount covered by this deposit was properly attached by the plaintiff and that the garnishee should duly account therefor, and the Court will so find.

The next sum in question is a special account deposited with the garnishee to meet dividends already declared by the defendant corporation and known as the dividend account.

The defendant urges that this account is in the nature of a trust and that the plaintiff as a creditor is not entitled to attach it, and, therefore, the garnishee should not be charged as to this sum.

The defendant is supported in its position by a line of cases in New York. See in particular

In re Interborough Consolidated Corp., 267 Fed. 914.

The plaintiff urges upon the Court very strongly the unsoundness of the holding above referred to. It calls to the Court's attention the fact that there is a line of cases deciding that money deposited to meet coupons on bonds has been held not to be a trust fund of any type.

*In re* Interborough Consolidated Corp., 288 Fed. 334, 262 U. S. 752;

*Noyes* vs. *First National Bank*, 180 A. D. N. Y. 162, 224 N. Y. 542.

Apparently the question before the Court has never been determined in this jurisdiction. The evidence presented shows without dispute that the money in this dividend account was not segregated in any way from the general bank funds; that the latter never investigated the holders of the dividend checks and that payments from this fund were made only by the defendant's checks. Fundamentally, it would seem hard to satisfactorily work out a trust relationship. It would not appear as though the bank could be considered a trustee and there seems to be some difficulty, on principle, in finding that the defendant corporation is a trustee for its stockholders, but this appears to be the holding in 267 Fed. 914, *supra.* Further, the finding that dividend accounts are trust funds but that accounts to pay coupons on bonds are not, seems somewhat anomalous. The cases holding the latter seem the better reasoned.

See

*Guidise* vs. *Island Refining Corp.,* 291 Fed. 922;

Grinnell, Vol. 19, Ill. Law Review 429 (1925).

In giving the matter careful consideration, however, the Court is of the opinion that its duty as a trial court is not to create law but to follow legal principles which have become reasonably established. At least, this has the advantage of uniformity.

The Court believes that the principle holding that dividend accounts are in the nature of trust funds has become so clearly established that it should be followed. The Court will therefore find that in the case at bar the dividend account, so-called, is in the nature of a trust fund, that the plaintiff is not entitled to attach it, and that the garnishee should not be chargeable therefor.

The other sums involved herein are represented by outstanding certificates of deposit issued to the defendant corporation by the Industrial Trust Company. All of these certificates are payable in current funds to the order of the defendant. Two of them are in the sum of $5,000 each, one dated October 15, 1931, the other December 15, 1931. The third certificate of deposit is in the sum of $10,000 and is dated May 18, 1931. The defendant contends that these certificates of deposit are in effect negotiable promissory notes and therefore are not attachable under the provisions of General Laws of Rhode Island, 1923, Chap. 352, Sec. 5, paragraph 11.

The plaintiff, on the other hand, claims that these certificates of deposit are attachable and cannot be considered as negotiable promissory notes.

An examination of the authorities seems to disclose that a certificate of deposit in the ordinary form is in substance and legal effect a promissory note and not merely a receipt for money. Such a holding appears almost uniform, Pennsylvania and possibly a few other states being contra.

Vol. 7 C. J., p. 647;

Vol. 3 R. C. L., p. 573;

Vol. 5 Am. & Eng. Ency. of Law, 2nd ed., p. 803;

*Miller* vs. *Austen,* 13 Howard (U. S.), p. 218.

If these certificates of deposit, therefore, be considered as promissory notes, the next question presented is whether they can be held to be negotiable. In this connection, the first matter raised relates to the statement that they are payable in current funds. In some of the earlier cases it would appear that this statement in the certificate made it non-negotiable because there apparently was some doubt as to just what was meant or intended. However, it seems well settled by the more recent cases that the use of this phrase does not make the instrument non-negotiable. The language is con-

strued as meaning current money. It seems, therefore, to the Court that the plaintiff takes nothing by this contention.

Hatch vs. National Bank, 94 Me. 348.

The Court is of the opinion that the certificate of deposit for $10,000, dated May 18, 1931, is actually and in effect a negotiable promissory note and therefore is not attachable by the plaintiff, and the garnishee should not be chargeable as to the sum represented by this instrument.

The plaintiff next calls to the Court's attention the fact that the two $5,000 certificates of deposit each contain the following language: "if withdrawn within six months, interest will be paid at the prevailing rate of interest on call accounts at date of withdrawal". It is argued that the use of this language makes the amount due at any given time within the six months so uncertain that the instrument should not be considered negotiable.

It would seem that paper to be negotiable must be certain as to the sum to be paid at any given time and that this sum should be ascertainable from the face of the instrument. It is doubtless true that by investigation and by taking testimony, the prevailing rate of interest on call accounts could be ascertained but clearly this cannot be told from the face of the instrument itself and obviously the rate might vary considerably during the six months' period.

The Court is of the opinion that the plaintiff's claim in this connection is sound. Its position would appear to be supported in principle by the case of

Whitwell vs. Winslow, 134 Mass. 343.

The Court believes, therefore, that the insertion of the clause above referred to, in the two certificates for $5,000 each, renders the amount to be paid during the first six months so uncertain from the face of the instrument as to destroy its negotiability. If this is so, then the plaintiff's attachment on these two certificates would appear proper and the garnishee should be held to account for the same.

For plaintiff: Edwards & Angell.

For defendant: George Hurley.

For Industrial Trust Co.: E. Butler Moulton.