THE VLADIKAVKAZSKY RAILWAY COMPANY, Appellant, Respondent, v. THE NEW YORK TRUST COMPANY, Respondent, Appellant.

First Department, June 2, 1933.

*Walter H. Pollak* of counsel [*Thomas I. Emerson* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,* attorneys], for the plaintiff.

*Vermont Hatch* of counsel [*Adrian L. Foley* with him on the brief; *White & Case,* attorneys], for the defendant.

TOWNLEY, J. Plaintiff demands judgment for its balance on deposit with defendant bank. The deposit was made by the foreign section of the Ministry of Finance of Russia for plaintiff's account. The amount of the balance is $58,264.18 with interest.

Under the first partial defense defendant alleges that as to $46,584.18 of plaintiff's claim the moneys were deposited in a coupon account for the purpose of paying specified interest coupons upon bonds issued by plaintiff and guaranteed by the Imperial Russian government; that plaintiff filed with defendant a signature card requiring for the withdrawal of the money the signatures of four directors, including one government director; that the government of Russia has never requested or sanctioned the withdrawal of any of the money so as to prohibit defendant from making payment therefrom without its order or direction.

We think the first partial defense should be stricken out. There being no Russian government which is recognized at the present time, there can be no director who could sign the withdrawal slip and the condition precedent need not be complied with. (*Lewine* v. *National City Bank,* 248 N. Y. 365.) In any event, a depositor may change the terms under which withdrawals may be made. The depositary is not concerned in such a change. (*Staten Island C. & B. Club* v. *Farmers' Loan & Trust Co.,* 41 App. Div. 321.)

The first complete defense and setoff alleges that the defendant is the owner of overdue and unpaid obligations of the Imperial Russian government or the Kerensky government and has a banker's lien upon the moneys mentioned in the complaint. There is no allegation that all of this money was the property of the Imperial

Russian government. This consequently is not a complete defense, and was properly stricken out.

The second complete, equitable defense is in effect that the present directors are not directors and ought not to be allowed to take the deposit out of the State without paying the obligations on plaintiff's bonds. The claim for the particular coupons for which this deposit was made is outlawed by the Statute of Limitations. Moreover, the Court of Appeals has said in a similar case that these directors have rights in administering the fund. (*Lewine* v. *National City Bank, supra; Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23.) The second complete, equitable defense is, therefore, insufficient.

Plaintiff's existence as a corporation is sufficiently alleged. (*Petrogradsky M. K. Bank* v. *National City Bank, supra.*)

The order appealed from should be modified by granting plaintiff's motion to strike out the first separate and partial defense and as so modified affirmed, with twenty dollars costs and disbursements to plaintiff.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Order modified by granting plaintiff's motion to strike out the first separate and partial defense and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiff.