SCHLOSS et al. v. POWELL et al.
No. 4231.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

George M. Lanning, of Norfolk, Va. (Baird, White & Lanning, of Norfolk, Va., and Edward R. Baird, of Norfolk, Va., on the brief), for appellants.

W. R. C. Cocke, of Norfolk, Va. (Tazewell Taylor, of Norfolk, Va., and Harold J. Gallagher, of New York City, on the brief), for appellees.

SOPER, Circuit Judge.

When the Seaboard Air Line Railway Company went into the hands of receivers on December 23, 1930, the City Bank Farmers Trust Company in New York held a sum of money which had been sent to it for the payment, when due, of coupons on bonds issued by the railway company but never paid out because certain bondholders had failed to present their overdue coupons. The question in the case is whether this money belonged to the railway company and was payable to the receivers, or whether the deposit of the money by the railway company with the bank created a trust in favor of the bondholders so as to entitle them to receive it. The District Court held that a trust was not created.

The solution of the question depends upon the circumstances under which the deposit was made. The bonds with coupons attached payable April 1 and October 1 in each year are part of an issue put out under date of April 1, 1900, by a predecessor corporation to which the present railway company succeeded by merger. The bonds and coupons provided for payment at maturity at the office of the railway company or agency in the city of New York. Divers agents were appointed by the railway company from time to time for this purpose, and finally, the above-named bank. On or before April 1 and October 1 in each year, the railway company deposited funds with the bank to pay the coupons by sending a check with a letter instructing the bank to place the funds to the railway company's credit in its coupon account to cover the maturing obligations, and authorizing and requesting the bank to pay them and charge the railway's coupon account therewith. On the books of the railway company these amounts were carried in an account designated "Special Deposits—Cash with Fiscal Agents and Trustees." By the bank the deposits were placed in its trust department and carried in an account designated "Seaboard Air Line Railroad Company—Coupon Account."

The balances remaining in the bank semiannually, after the presented coupons were paid, were retained by the bank to pay outstanding coupons. No part of the balances were drawn out by the railway company and no interest thereon was paid by the bank. On December 9, 1930, two weeks before the receivers were appointed, the balance amounted to $9,660. On March 19, 1931, the treasurer of the railway company instructed the bank to transfer the fund to the receivers but by mistake this instruction was ignored, so that the fund was reduced to $6,280 on April 1, 1931, by reason of the payments made subsequent to December 9, 1930. On April 1, 1931, the

balance in the account was transferred by the bank to the account of the receivers, and on August 2, 1932, was remitted to them by check of the bank.

■ There is no doubt that money can be placed in the hands of one person for payment to another under such circumstances that a trust arises in favor of the latter which he may enforce; and this end may be accomplished by an express declaration of trust or by circumstances indicating an intention of the depositor to place the fund irrevocably beyond his control and to devote it to the indicated purpose. McKee v. Lamon, 159 U.S. 317, 16 S.Ct. 11, 40 L.Ed. 165; Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; Pennsylvania Steel Co. v. New York City Ry. Co., 2 Cir., 206 F. 663; Steel Cities Chemical Co. v. Virginia-Carolina Chemical Co., 2 Cir., 7 F.2d 280; Sinclair Cuba Oil Co. v. Manati Sugar Co., D.C., 2 F.Supp. 240; Rogers Locomotive, etc., Works v. Kelley, 88 N.Y. 234; Restatement of Trusts, §§ 17, 23, 24. But the deposit of money in a bank by a corporate debtor, with instructions to use it to pay maturing coupons as they are presented by bondholders, no more appearing, is not sufficient to show an irrevocable intention so to apply the fund and to impress it with a trust. On the contrary, such conduct gives rise to the relationship of agency, and the depositor is at liberty to use the money for other purposes before it has been paid to the bondholders. In re Interborough Consolidated Corporation, D. C., 277 F. 249; Id., 2 Cir., 288 F. 334, 32 A.L.R. 932; Guidise v. Island Refining Corporation, D.C., 291 F. 922; Staten Island Cricket & Baseball Club v. Farmers' Loan & Trust Co., 41 App.Div. 321, 58 N.Y.S. 460; Noyes v. First Nat. Bank of New York, 180 App.Div. 162, 167 N.Y.S. 288, affirmed 224 N.Y. 542, 120 N.E. 870.

The appellant suggests two circumstances in the pending case as indicating an intention on the part of the railway company to create an irrevocable trust; namely, the description of the account on the books of the railway company as "cash with fiscal agents and trustees" and the handling of the fund by the bank in its trust department. Neither of these circumstances manifests an unequivocal intention to create a trust. Certainly the language used by the railway company on its books is as consistent with an agency as a trust, as is indeed the fact that the bank, doubtless for its own convenience, managed the fund in its trust department. There was no statement by the bank to the depositor, as in Steel Cities Chemical Co. v. Virginia-Carolina Chemical Co., 2 Cir., 7 F.2d 280, that the money was received in trust and the bank in fact did not so consider it, for after the receivership it remitted the remainder of the funds in its hands to the receivers.

Affirmed.