PERPETUAL SELF WINDING WATCH CORPORATION, Plaintiff, *v.* CITY BANK FARMERS TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, October 25, 1938.

*Hughes, Richards, Hubbard & Ewing*, for the plaintiff.

*Mitchell, Taylor, Capron & Marsh*, for the defendant.

LAUER, J. The action is brought to recover the balance of certain funds paid by plaintiff to defendant so that the latter could, as agent for plaintiff, make a certain capital distribution to plaintiff's stockholders. There appears to be no dispute as to the facts and the decision rests solely on a question of law.

The letter of instructions was as follows:

" In pursuance of the authority vested in the officers to cause a capital distribution of $200,000 to be made and to issue new certificates representing $1.00 par value stock upon surrender of the present outstanding certificates of no par value capital stock, we hereby appoint you as Disbursing Agent as well as Transfer Agent of PERPETUAL SELF WINDING WATCH CORPORATION for the aforesaid purposes. * * *

" We also hand you herewith our check in the amount of $200,000, which will cover the distribution we have herein authorized you to make. In case all outstanding certificates are not presented for exchange, you are to return to us, on our future instructions, any balance remaining."

Plaintiff contends that when the money was deposited with defendant it did not constitute the defendant a trustee nor impress the money with a trust inuring to the benefit of the stockholders. It maintains that defendant was merely its distributing agent and that the authorization of the capital distribution merely created a debt from the plaintiff to its stockholders.

Defendant claims that the money is impressed with a trust in favor of the stockholders who have not yet received their capital distributions. It does not claim that the moneys belong to it, nor that it is a trustee of such trust. Defendant maintains that the action of plaintiff's board of directors in declaring a capital distribution is similar to the declaration of a dividend, in which case a debt is created from the corporation to each stockholder for the amount of his share.

It would seem to me that the effect of the plaintiff's letter of instructions was to constitute the defendant the agent of the plaintiff to distribute its moneys, as it directed, and by virtue of the authority to revoke it and demand a return of its moneys. In the case of *Staten Island Cricket & Baseball Club* v. *Farmers' Loan & Trust Co.* (41 App. Div. 321) it appeared that the plaintiff deposited with the defendant in a special account funds for the payment of interest coupons and requested the defendant to pay the coupons therewith. The plaintiff brought suit for the balance in this special account. In that case the contentions of the litigants were similar to those in the instant case. Thus, to quote from the opinion of the court in the *Staten Island* case: "The claim of the plaintiff is that the defendant, so far as this account is concerned, was its fiscal agent, and that the deposit of the moneys with it for the payment of the interest constituted it a mere depository for that purpose, and that it had the right, at any time before actual disbursement of the moneys, to withdraw the same. On the part of the defendant, it is claimed that the annual remittance of this money to it created irrevocable trusts in the same for the benefit of the coupon holders; and that, as the coupons had not yet been presented for the whole sum, it was required to hold the same to meet such demand." The court concluded that "its only effect was to constitute the defendant the agent of the plaintiff to distribute its moneys as it directed, and by virtue of the authority which it had to give the direction, it had authority to revoke it and demand a return of its moneys." No cases are cited by counsel which precisely cover the question here presented. Furthermore, no case has been found in which where the repayment has been made pursuant to court order or judgment, even in the cases of trusts for the distribution of dividends, liability has been imposed.

Motion is accordingly granted. Settle order on notice.