HUPP MOTOR CAR CORPORATION, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, New York County, May 4, 1939.

*George L. Schein* [*Joseph M. Cohen* and *Stanley J. Meyer* of counsel], for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Leighton H. Coleman, Charles H. Willard* and *John K. Sloan* of counsel], for the defendant.

COTILLO, J. Plaintiff moved, under rule 113 of the Rules of Civil Practice, for summary judgment upon affidavits and other written documents; defendant opposed and by affidavit sought counter relief for summary judgment, seeking the dismissal of plaintiff's complaint upon all the proofs submitted. There is no substantial dispute of the facts of the case, though of course the defendant asserts upon the facts as presented that the plaintiff is not entitled to recover the money demanded in the complaint upon the ground that the facts establish the creation of a trust of which the defendant is the trustee. The plaintiff urges that no trust was created between the parties and that there was nothing more or less than the relation of principal and agent and that such

agency has terminated by a resolution of the board of directors of the plaintiff corporation. The sole issue here is but one of law, upon the construction and interpretation of the facts which are indicated by the record before the court. The court heretofore has decided by its memorandum that the relationship was that of a trust creation between the parties. The court has granted permission to the plaintiff to reargue.

The motion to reargue is in all respects granted and the entire matter considered *de novo*. The memorandum heretofore handed down is recalled and withdrawn.

Upon reconsideration I have reached the conclusion that the undisputed evidence by written documents discloses that the plaintiff, prior to May 1, 1931, issued scrip certificates in payment of stock dividends of fractional units. Such scrips expressly provided that on and after May 1, 1931, they should become void. On July 29, 1929, prior to the beginning of the depression, the plaintiff, by resolution, provided a means by which scripholders who did not redeem prior to the void date of May 1, 1931, might be given money in exchange for such scrip. Irrespective of whether that privilege was given in accordance with custom, it was an offer pure and simple revocable by plaintiff at any time before actual acceptance of such offer by such scripholders. Such an offer or option not under seal or given for a consideration may be revoked at any time before acceptance. (*Cochran* v. *Taylor*, 273 N. Y. 172, at p. 178.)

The means provided for carrying out such offer were clearly expressed. The defendant had been transfer agent of the plaintiff in redemption of its stock and scrip for many years prior to May 1, 1931. As such transfer agent it held certificates of stock of plaintiff corporation sufficient to meet demands by scripholders. By resolution of July 29, 1929, provision was made that such shares of stock as represented the unredeemed scrip on May 2, 1931, should be sold at a price equivalent to its closing price on the New York Stock Exchange on May 1, 1931. Thereafter holders of such unredeemed scrip should receive from the defendant, Guaranty Trust Company, their proper proportion of the net proceeds of such sale without interest on such cash proceeds. That the stock of the plaintiff might not be depreciated by so large a sale, the plaintiff purchased the stock itself. A deposit was made by plaintiff in defendant's bank of the proceeds of such sale and the bank redelivered to the plaintiff shares of stock theretofore left with the bank for redemption purposes. Certain of such scripholders presented their scrip to the bank and received their proportionate share of the proceeds of the sale of stock represented by

such scrip. Other scripholders presented their scrip to the plaintiff which paid the money which money was later paid by the defendant bank to the plaintiff. Holders of scrip of the proportionate value of over $25,000 have never accepted the offer of the plaintiff and that sum remains on deposit in defendant's bank. The scrip is payable to bearer and no one now knows the present or future owners of all such scrip. The money remaining on deposit with defendant does not bear interest as subsequent to the deposit and after certain interest had been paid, it was agreed that the interest due to plaintiff from defendant on this account should be offset against the services performed by defendant in the redemption of the scrip.

The sole question presented arises from the claim of the defendant that it is now the trustee for holders of unredeemed scrip. The plaintiff has, by resolution, revoked its offer to pay the scripholders for scrip that became void on May 1, 1931, and asks the return of the moneys deposited with defendant.

There is nothing ambiguous in the resolution of the plaintiff's directors nor the correspondence between the parties at the time of the deposit of the moneys with defendant. The defendant was and clearly is a transfer agent holding those moneys at the will of the plaintiff for the redemption of the scrip. Although separated in the bank from the checking or other accounts of plaintiff, the ownership of the moneys was never transferred to the defendant nor is the defendant obligated in any way to any scripholders save to those who present their scrip to the bank prior to the repayment to plaintiff of the balance unexpended. The bank has never made any promise to such scripholders to pay them for their scrip. (*Staten Island C. & B. B. Club* v. *Farmers' Loan & Trust Co.*, 41 App. Div. 321.) The contention of the defendant would leave it as the eventual owner at some uncertain date of moneys to which it never held title with no obligation to pay interest in the meantime.

The relationship between plaintiff and defendant was merely that of debtor and creditor and the defendant is not a trustee but an agent to carry out the offer of plaintiff to scripholders which agency was revocable at any time at the will of the plaintiff. (*Sayer* v. *Wynkoop*, 248 N. Y. 54, and cases cited therein; *Title Guarantee & Trust Co.* v. *Haven*, 214 id. 468; *Noyes* v. *First National Bank of New York*, 180 App. Div. 162; affd., 224 N. Y. 542.)

We are not concerned with any legal or equitable rights of holders of unredeemed scrip to share equally with those who have redeemed. That is a matter that concerns such scripholders and the plaintiff if such rights are ever asserted. And if it be held that such scrip-

holders have a lien upon or right to such funds, then such lien or right would remain after redelivery of the moneys to plaintiff and the protection of such lien or right if it exists, does not require that the defendant continue longer as the depository of the funds.

The court having found that no trust having been created but on the contrary an agency agreement, which has been revoked by the plaintiff, there is no issue of fact to be tried out. The plaintiff is, therefore, entitled to judgment for the amount demanded in the complaint, with interest.

The motion for reargument is granted. After reargument the motion of plaintiff for judgment under rule 113 is in all respects granted and judgment directed for the plaintiff for the amount demanded in the complaint, with interest to be computed by the clerk upon the entry of judgment.

Defendant's counter or cross-motion for judgment is in all respects denied.

Settle order for judgment accordingly on notice.