## In re KOUNTZE BROS. et al.

### CITY OF CANTON, OHIO, et al. v. IRVING TRUST CO.

#### Nos. 328–330.

Circuit Court of Appeals, Second Circuit.
May 22, 1939.

Gould & Wilkie, of New York City (M. S. Lockhart and John F. Boyer, both of New York City, of counsel), for appellant City of Canton, Ohio.

Olney & Comstock, of New York City (Irving Smith, Jr., of New York City, of counsel), for appellant Big Horn County, Wyo.

Zabriskie, Sage, Gray & Todd, of New York City (Melber Chambers, William E. Sims, and Edward H. Spencer, all of New

York City, of counsel), for appellants San Juan County, N. M., and others.

Allen R. Memhard, of New York City (Henry A. Jones, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Kountze Brothers were private bankers in New York. One of the firm's activities was to act for cities, counties, school districts and so on in payment of bonds and coupons. The firm closed its doors on October 13, 1931, and later went into bankruptcy. Reclamation proceedings were brought by the appellants, the City of Canton, Ohio, Big Horn County, Wyoming, and a number of counties, cities and districts in New Mexico, claiming that moneys sent by them to the bankrupts for the purpose of paying coupons made payable at the bankrupts' place of business were received and held by the latter in a trust capacity. The referee took the view that the appellants were merely general creditors of the bankrupts and dismissed the petitions. The district court took the same view and affirmed the referee's orders.

In Re Kountze Bros. (City of Los Angeles v. Irving Trust Company), 2 Cir., 103 F. 2d 785, decided May 1, 1939, we passed on a similar claim made against this estate and held that the deposits made with the bankrupt firm by Los Angeles for the purpose of meeting bonds and coupons resulted in a debtor and creditor relationship. The authorities were discussed and from them the general principle was drawn that a deposit of funds with bankers for the purpose of meeting coupons owed by the depositor does not create a trust save in cases where it is plainly shown that by understanding of the parties the bankers were not to use the funds in their general business. In view of the full discussion in the Los Angeles case it would be superfluous to review the authorities again. The features said to distinguish the present claims from that of Los Angeles are that commissions were paid by the present appellants to the bankers for their services in paying bonds and coupons, and that there was no agreement or practice of sending on the funds a specified number of days in advance of the due dates. We recognize that the presence of commissions and the absence of a fixed interval of time between deposits and the due dates of the bonds or coupons make the present claims somewhat more potent than the Los Angeles claim. But there is not enough to indicate that the parties contemplated a holding apart of the funds in trust. The bankers put the moneys into their general funds. In the correspondence there is frequent mention of crediting and charging of items to the accounts and of balances in the accounts. The record shows that the bankers had part of the moneys deposited by the appellants for considerable periods, owing to the fact that many coupons would be presented days, weeks or months late, and that the appellants were aware of this. Indeed, the funds sought to be reclaimed are in the main unapplied balances of deposits made months before the failure. The presumption is that deposits of money in a bank give rise to the relation of debtor and creditor, not to one of trustee and beneficiary, and the facts in these cases do not take them out of the general rule. We see no distinction between these cases and Staten Island Cricket & Baseball Club v. Farmers' Loan & Trust Co., 41 App.Div. 321, 58 N.Y.S. 460.

Big Horn County made an effort to prove that it had an explicit understanding with the bankers that the funds were held by the latter in trust. Several witnesses in behalf of the county testified to an alleged exchange of letters in 1929, in which the bankers acknowledged that the moneys were trust funds. There was no trace of the letters or copies of them, however, in the county's files or in the bankers' files. The referee and the district judge found that the alleged understanding had not been proved. We are of the same opinion.

Affirmed.