In re ASSOCIATED GAS & ELECTRIC CORPORATION.

DRISCOLL et al. v. EMPIRE TRUST CO. et al.

No. 302.

Circuit Court of Appeals, Second Circuit.

Aug. 9, 1943.

Allen E, Throop, of New York City (E. Robert Willcox and Felix Taubenblatt, both of New York City, of counsel), for appellants.

Glass & Lynch, of New York City (Joseph Glass and Leslie Kirsch, both of New York City, of counsel), for cross-appellant.

Moses & Singer, of New York City (Alfred W. Bressler and Henry Schneider, both of New York City, of counsel), for Public National Bank & Trust Company of New York, cross-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This litigation was initiated by the trustees in reorganization of Associated Gas and Electric Corporation, hereafter called the Corporation, to obtain a judicial determination of the question whether certain funds in their possession should be regarded as general assets or be held for the benefit of a special class of creditors, namely, the owners of unclaimed interest which had accrued on the Corporation's bonds before January 10, 1940, the date when its petition for reorganization was filed. The Corporation has outstanding three issues of unsecured bonds or debentures, issued during 1932 and 1933, which will be referred to collectively as bonds. Where discrimination between the issues is desired they will be called respectively the 8s of 1940, the income debentures and the convertible debentures. The bonds were issued both in bearer form with coupons representing interest and in registered form without interest coupons. Interest was payable semi-annually at the Corporation's office or agency in New York City. On January 10, 1940 matured but unclaimed interest on the bonds aggregated $202,448.-05. Of this sum funds totalling $197,420.94 were on deposit with the corporation's paying agent, Transfer and Paying Agency,[1] for brevity called Trapa, and funds in the amount of $5027.11 were on deposit in The Public National Bank & Trust Company of New York, for brevity called Public National Bank, in an account standing in the name of "Associated Gas and Electric Corporation, Interest Account." The Trapa deposits were assigned to the Corporation's trustees in reorganization without prejudice to a determination of their status as either general assets or trust funds. The special master to whom the trustees' petition was referred held that all the funds in litigation were affected by a trust for the benefit of the owners of the unclaimed interest. The district court sustained this ruling as to the Trapa deposits but reversed the master's ruling as to the Corporation's deposit in Public National Bank. The trustees have appealed with respect to $192,550.65 of the Trapa deposits.[2] Empire Trust Company, appellee in the trustees' appeal,[3] has cross-appealed from the ruling that the deposit in Public National Bank constitutes general assets.

We think it entirely clear that the funds deposited in the "Interest Account" in Public National Bank remained subject to the Corporation's control; hence the district court correctly held them to constitute general assets. This account was opened in September 1939 pursuant to a resolution of the Corporation's directors authorizing the deposit in an "Interest Account" of funds to be disbursed in payment of interest due and payable on and

---

[1] This was a business trust created by certain individuals who executed in New Jersey in November 1932 a declaration of trust under which they were constituted trustees to conduct business under the name of H. C. Hopson & Company. By successive changes of name this trust became Transfer and Paying Agency. In 1937 the Corporation designated Trapa's office in New York City as the office or agency where interest on the Corporation's bonds should be payable.

[2] The trustees' appeal involves unclaimed interest of $126,684.68 on the income debentures and unclaimed interest of $65,865.97 on the convertible debentures. Unclaimed interest of $4,870.29 on the 8s of 1940, which makes up the balance of the Trapa deposits aggregating $197,420.94, was also held to be trust funds, but the appeal does not challenge the trust status of this item.

[3] Empire Trust Company has succeeded the original trustee named in the indenture pursuant to which the Corporation's convertible debentures were issued.

after October 1, 1939 on bonds in registered form. Public National Bank was authorized and directed to honor "checks drawn on such 'Interest Account' in the name of this Corporation" and bearing the facsimile signature of certain designated officers of the Corporation. Deposits were effected by means of checks drawn on the Corporation's general account in Public National Bank and payable to "Associated Gas and Electric Corporation, Interest Account." All deposits were made at a teller's window; there were no special letters of transmittal. Checks against the account were drawn to the order of registered holders of the income debentures and the convertible debentures. The amount of such checks outstanding on January 10, 1940 was $5,027.11. The word "trust" or "trustee" does not appear on any of the office memoranda, accounts, checks or vouchers relating to the account. Although the deposits were made for the purpose of being used to pay interest, they were none the less general deposits. Noyes v. First Nat. Bank, 180 App.Div. 162, 167 N.Y.S. 288, affirmed 224 N.Y. 542, 120 N.E. 870; Nacional Financiera S. A. v. Speyer, 261 App.Div. 599, 26 N.Y.S.2d 865; In re Interborough Consol. Corp., 2 Cir., 288 F. 334, 32 A.L.R. 932, certiorari denied sub nom. Porges v. Sheffield, 262 U.S. 752, 43 S.Ct. 700, 67 L.Ed. 1215; In re Kountze Bros., 2 Cir., 103 F.2d 785 cert. den. City of Los Angeles v. Irving Trust Co., 308 U.S. 586, 60 S.Ct. 110, 84 L.Ed. 491; Schloss v. Powell, 4 Cir., 93 F.2d 518.

More can be said, but not enough, in support of the contention that the Trapa deposits were impressed with a trust. Prior to the designation in 1937 of Trapa as the Corporation's paying agent, interest on the bonds had been paid through Transfer and Coupon Paying Agency,[4] for brevity called Traco. The Corporation's practice was to transmit funds to Traco in advance of each interest maturity date for the purpose of paying the interest to become due on such date. Traco maintained in Public National Bank an account designated "Transfer and Coupon Paying Agency, Coupon Account,"[5] and another designated "Transfer and Coupon Paying Agency, Registered Interest Account." In transmitting funds to Traco the Corporation drew checks to the order of one or the other of these accounts, as the interest payable required. Traco drew checks on the coupon account in payment of interest coupons and checks on the registered interest account in payment of interest on registered bonds. In these accounts Traco deposited not only funds received from the Corporation but also funds of other corporations intended for the payment of interest on their securities. The district court found that up to November 8, 1934, Traco was only a paying agent and none of the funds received from the Corporation was "intended to be held or were held in trust for holders of coupons or interest checks issued with respect to" the income debentures or convertible debentures; and that the Corporation's intention that the accumulating funds should be held by Traco as trust funds was formed and expressed in two letters on November 8, 1934, "and continued from that date to January 10, 1940." The trustees in reorganization contend that the latter part of this finding is not justified by the evidence. We think this contention is sound.

The letters of November 8th were addressed to Traco. One letter referred to funds previously deposited with Traco for interest payments, and directed that "any amount of such deposits remaining with you are to be held in trust by you for the holders of such securities to whom the interest is payable, for a period of one year from the date hereof." The other letter referred to checks transmitted therewith for payment of December 1934 interest, and stated: "These funds are deposited with you to be held in trust by you for the holders of our debentures to whom interest is payable and are to be held in such trust for the period of one year from December 1, 1934." By endorsement on each letter Traco agreed to the trust instructions. After the writing of these letters the Corporation continued until January 1937 to transmit funds to Traco, in the same manner as before November 8, 1934, for payment of maturing instalments of interest; and after expiration of the one-

---

[4] This was a business trust organized in New Jersey on January 2, 1932 by the same three persons who later organized the trust referred to as Trapa. See note 1, supra.

[5] Similarly designated coupon accounts were kept by Traco in two other banks, but funds deposited in those accounts were not drawn upon except to transfer the deposits to the coupon account in Public National Bank, upon which Traco drew all checks issued in payment of coupons.

year trusts set up by the November letters it continued, as before, to leave with Traco all funds not disbursed by Traco in payment of interest. But the fact that no demand was made for the return of undisbursed funds is as consistent with the theory that they were general assets of the Corporation on deposit with its paying agent as with the view that failure to withdraw them—evidenced an intention to have the trusts continue beyond the expiration of one year. Moreover in 1937 Trapa's office was designated "as the office or agency of the Corporation" where interest on its bonds should be payable, and the undisbursed funds then held by Traco were transferred to Trapa.[6] Who gave instructions for the transfer does not appear, but it must certainly have been done with the consent of the Corporation if not at its express direction. Such transfer with the Corporation's consent would seem to evidence a withdrawal by the Corporation of the undisbursed funds rather than· the appointment of a new trustee of them, for the November letters reserved no power to the Corporation or to Traco to appoint a new trustee. Nor was any instruction by letter or otherwise ever given to Trapa to hold in trust either the funds transferred by Traco or the funds transmitted from time to time by the Corporation for maturing interest payments. Business with Trapa was conducted by the Corporation in precisely the same manner as it had conducted business with Traco before the writing of the letters of November 8, 1934. And Trapa, as had Traco, acted as paying agent for various corporations affiliated with the Corporation and kept their funds in the same accounts in which the Corporation's funds were deposited.

█ In reaching the conclusion that the Trapa deposits were impressed with a trust the district court applied the principle of "continuing intention" of a trust purpose, citing Sinclair Cuba Oil Co. v. Manati Sugar Co., D.C.S.D.N.Y., 2 F.Supp. 240 and Sherry v Union Gas Utilities, 20 Del.Ch. 60, 171 A. 188. In our opinion the application of this principle to the present case is precluded not only by the express limitation of one year for duration of the trusts created by the letters of November 8, 1934, but also by the fact that after that date the Corporation designated a new paying agent (Trapa) to which the funds now in litigation were transmitted without any intimation that they were to be held by it as trustee rather than as paying agent. It is, indeed, true that without the use of the words "trust" or "trustee" money can be placed in the hands of one person for payment to another under such circumstances as to create a trust enforceable by the latter; but the circumstances should "show beyond a reasonable doubt that a trust was intended to be created." See Beaver v. Beaver, 117 N.Y. 421, 428, 22 N.E. 940, 941, 6 L.R.A. 403, 15 Am.St.Rep. 531; Sayer v. Wynkoop, 248 N.Y. 54, 59, 161 N.E. 417. That the Corporation intended to impress a trust upon the funds deposited with Trapa can be but an inference drawn from the proven facts. And it is one which need not necessarily be drawn, for the facts are at least equally consistent with an intention on the Corporation's part to make Trapa merely its paying agent. The master's finding of trust intention is therefore less compelling than it would be if based on conflicting evidence. See Kycoga Land Co. v. Kentucky River Coal Corp., 6 Cir., 110 F.2d 894, 896, certiorari denied 312 U.S. 688, 61 S.Ct. 615, 85 L.Ed. 1125. Moreover, if we correctly read the district judge's thorough and careful opinion, he would not have found a trust intention except for his application of the doctrine of "continuing intention." As already stated, we think that doctrine is inapplicable. Accordingly we feel free to reverse the conclusion that the Trapa deposits involved in this appeal were held in trust for the owners of unclaimed interest.

The decree is to be modified in conformity with this opinion.

---

[6] The fact of such transfer was stipulated.