Fisher for Use, Appellant, v. McFarland et al.

Argued May 9, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*James P. Herron,* and with him *Mead J. Mulvihill* of *Mulvihill & Herron,* for appellant, cited: Tryson v. Munson, 77 Pa. 250.

*David H. Kramer,* for appellee.—The right of the mortgagee to the collection of the rents, issues and profits must be derived from the mortgage: Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168; Randall v. Jersey Mortgage Investment Co., 306 Pa. 1.

OPINION BY KELLER, J., July 14, 1933:

We are asked in this case to decide whether a mortgagee, under a mortgage which contains no clause conveying the "rents, issues and profits" of the mortgaged premises, may, on default in the payment of interest by the mortgagor, by a notice to and demand upon the tenant, in possession under a lease executed after the mortgage, that future instalments of rent be paid to him, require the tenant to make payment to the mortgagee of rents accruing after such notice and demand.

The question is an interesting one, and is related to the decisions in Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168, (see p. 179), and Randal v. Jersey Mtge. Inv. Co., 306 Pa. 1, (see p. 6), 158 Atl. 865. We shall meet it when it comes properly before us. But occasion for an answer to it does not arise here.

The proceeding appealed from originated in an attachment execution issued by Fisher, the mortgagee, to the use of Buck, assignee of the mortgagee, on a judgment entered by confession on the bond accom-

panying the mortgage, against McFarland, the mortgagor, as defendant, and McGee and Cawley, tenants in possession, as garnishees. Mrs. Fester, alienee of McFarland, under an unrecorded deed, by the terms of which she assumed and agreed to pay the mortgage, was allowed to intervene as a claimant of the rentals. McGee and Cawley became tenants of the premises under leases from Mrs. Fester. The judgment bond was entered after the mortgaged premises were conveyed to Mrs. Fester.

While a judgment may be entered on a warrant of attorney contained in a bond accompanying the mortgage, after the mortgagor has parted with his title to the real estate, and the land in the possession of the alienee may be sold under a writ of execution issued on the judgment, discharged of the lien of the mortgage, (Keene Home v. Startzell, 235 Pa. 110, 83 Atl. 584), this is because the lien of the judgment relates back to the date the mortgage was recorded, with consequent effect on the mortgaged real estate: Morris v. Campbell, 186 Pa. 589, 40 Atl. 1014. But such a judgment has no such effect as respects personal property levied on, for the mortgage is not a lien on it. It is, as respects personal property, and all else except the land bound by the mortgage, a judgment against the defendant only, and gives the plaintiff no right by virtue of it to levy upon, seize or attach the personal property, rights and credits of the alienee of the real estate, or of anybody but the mortgagor defendant himself. Hence any rentals, rights or credits due by McGee and Cawley to Mrs. Fester could not be attached under a judgment entered against McFarland alone.

Furthermore, the principle at the base of an attachment execution is that the garnishee owes money to the judgment debtor, or has in his possession money or property, belonging to the latter, which he (the judgment debtor) has a legal right to require the garnishee

to pay him, except for the attachment. See Meyer v. Pianti, 109 Pa. Superior Ct. 313. If the garnishee owes the judgment debtor nothing or has in his possession no money or property belonging to the latter, the attachment falls: Austin-Nichols Co. v. Union Trust Co., 289 Pa. 341, 346, 137 Atl. 461.

Hence it is wholly inconsistent for the plaintiff in the attachment to set up in that proceeding a claim that by virtue of some notice to and demand upon the garnishee, wholly apart from the attachment, the garnishee thereafter was not indebted, as a tenant, to the judgment debtor, but became indebted directly to the judgment creditor, the plaintiff in the attachment. Such a claim negatives the very principle at the root of the attachment, viz., that the garnishee owes the money to the judgment debtor and that the plaintiff in the attachment seeks by that process to recover it as the property of the judgment debtor.

In an attachment execution the plaintiff stands in the shoes of the judgment debtor and can only claim from the garnishee such money, etc., as the garnishee owes the judgment debtor. If by reason of other matters the plaintiff in the attachment execution acquires a right to demand of the garnishee that moneys formerly payable to the judgment debtor must thereafter be paid to him, the plaintiff, directly, in his own right, as mortgagee, and *not by virtue of his succession under the attachment to the judgment debtor's rights,* he must proceed by some direct process with that end in view and not by an attachment execution against the judgment debtor, which is based on the premise that the garnishee owes the money to the judgment debtor and to no one else. Nor can such an inconsistent proceeding be grafted on the attachment even by the consent of the parties.

For these reasons the appeal is dismissed.