## Homan et al., Receivers, Appellants, *v.* First National Bank.

Argued April 17, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles J. Biddle,* of *Drinker, Biddle & Reath,* for appellants.—The funds are held by defendant as a special deposit from the plaintiffs repayable to them upon demand: First Nat. Bank v. Higbee & Co., 109 Pa. 130.

A deposit accompanied, as in this case, by a mere statement that the funds are to be used for the payment

of coupons, is not impressed with a trust and the relation of depositor and depositary, or creditor and debtor, exists: Austin-Nichols Co. v. Trust Co., 289 Pa. 341; Randolph v. Ry. Co., 15 D. & C. 77.

The question depends in all cases upon the circumstances under which the deposit is made and accepted.

*Joseph S. Clark, Jr.,* with him *Frederick V. Hebard,* of *Clark, Clark, McCarthy & Wagner,* for appellee.— The sums deposited with the bank were held by it in trust for the coupon holders and not as agent for the corporation.

Whether the deposit of moneys by a corporation in a bank to meet payments to third parties creates a principal and agency relationship revocable at will by the corporation or an irrevocable trust relationship depends entirely on the facts of the particular case: Austin-Nichols & Co. v. Trust Co., 289 Pa. 341.

The interest of the bondholders arose as soon as the amount of net income was ascertained and declared by the board of directors. From that date a debt was created payable out of a particular fund, viz., the net income of the company.

The situation is closely analogous to that of dividends on corporate stock: Dock v. Cordage Co., 167 Pa. 370; Bank of United States v. Macalester, 9 Pa. 475.

The coupon holders acquired an equitable lien upon the net income of the company as soon as the fund was segregated by deposit in the bank.

OPINION BY MR. JUSTICE SCHAFFER, May 21, 1934:

The receivers of The Lake Superior Corporation brought this action against the First National Bank of Philadelphia to recover the sum of $5,912.50, representing the unpaid balance in a deposit account in the bank which had been placed there by the corporation for the purpose of paying coupons on its income bonds. The fund represents the sums due on coupons which have not

been presented for payment and has been in the bank's hands since 1920. The bank filed an affidavit of defense in which it expressly denied any claim to the fund in its own right, but set up that the money belongs to the bondholders and not to the corporation, that the corporation had parted with all control thereover when it was turned over to the bank, and that neither the corporation nor its receivers had any right to revoke the authority which the corporation had given to the bank to pay the coupons outstanding.

Plaintiffs moved for judgment for want of a sufficient affidavit of defense. Judgment was denied by the court below on the ground that when the corporation turned the money over to the bank it created a trust fund for the bondholders and coupon holders, and there is no power in the corporation or the receivers to revoke the trust and take back the money. From the refusal of judgment the receivers present to us this appeal.

The precise question which the record raises has not been heretofore passed upon by us. There is, however, authority elsewhere from which both appellants and appellee draw sustenance. We have cases, moreover, from which analogies appear.

Appellee admits that it is established that where there are no circumstances or contractual provisions other than a deposit of money in a bank, with a direction to pay the same to coupon holders upon presentation of their coupons, the fund is not impressed with a trust and can be withdrawn at any time by the depositing corporation, and concedes that this principle is laid down in Re Interborough Consol. Corp., 288 Fed. 334; Noyes v. First Nat. Bank of New York, 188 App. Div. 162, 167, affirmed in 224 N. Y. 542, 120 N. E. 870; Staten Island Cricket & Baseball Club v. Farmers' Loan & Trust Co., 41 App. Div. 321, 58 N. Y. Supp. 460, and Erb v. Banco di Napoli, 243 N. Y. 45, but argues that as the coupons in the instant case were payable only out of net income at a rate not less than one nor greater than five per cent,

they were in the nature of dividends; that with dividends the rule is different, and fixes the relation of the defendant bank and the coupon holders to the deposit and makes it a trust fund in the hands of the bank for them.

The rule applicable to the deposit of a fund for the purpose of paying a dividend is different from that covering a fund deposited to meet coupons, and would seem to be, according to decisions in jurisdictions in which the question has arisen, that where money is deposited by a corporation in a bank for the purpose of paying a dividend, the money so deposited is impressed with a trust in favor of the stockholders and cannot subsequently be withdrawn by the corporation: In re Interborough Consol. Corp., 267 Fed. 914, 918 (D. C. U. S. S. D. of N. Y.); Ibid., 288 Fed. 334 (C. C. A., 2d Cir.); LeRoy v. Globe Ins. Co., 2 Edw. Ch. 657; Jermain v. Lake Shore & Mich. So. Ry. Co., 91 N. Y. 483; Searles v. Gebbie, 115 App. Div. 778, 101 N. Y. Supp. 199, 190 N. Y. 533, 83 N. E. 1131; Matter of LaBlanc, 14 Hun 8, affirmed 75 N. Y. 598; Lowene v. American Fire Ins. Co., 6 Paige N. Y. 482.

Appellee submits that even in the instance where funds are deposited for the purpose of paying interest on bonds, which interest is an obligation of the corporation regardless of its income, the deposit may be impressed with a trust in favor of the bondholders depending upon the circumstances connected with the deposit and the contracts under and pursuant to which it was made. We think this may be so as in Rogers Locomotive Works v. Kelly, 88 N. Y. 235, where money was deposited with brokers to meet the payment of interest coupons and the brokers receipted for the deposit "in trust to apply the same to an equal amount of coupons in the order in which they should be presented for payment, the said money not to be subject to the control of said company otherwise than for the payment of said coupons above described"; and in Holland Trust Co. v. Sutherland, 72

N. Y. S. 584, affirmed 177 N. Y. 327, 69 N. E. 647, where there were special circumstances present in connection with the deposit which not only created a trust, but changed the title to the moneys deposited. But here there is nothing but the deposit of the money, not even with the trustee named in the indenture, but in a bank which had no relation either to the corporation or the bondholders. The situation is the same as in any other instance where a debtor has deposited money in a bank to meet a claim of a creditor, as in Cheney v. Libby, 134 U. S. 68, where commercial paper was made payable at a bank at a particular time and funds were deposited by the obligor to be applied to the payment of the paper. There it was decided that the money was held by the bank as the agent of the obligor and not as agent of the obligee, and the obligor had the right to withdraw it. The same ruling was made by us in First Nat. Bank of Scranton v. Higbee & Co., 109 Pa. 130.

A different situation may be created where a fund is deposited to meet certain designated claims and is attached by creditors in the hands of the bank holding it. This was the situation in Austin-Nichols Co., Inc., v. Union Trust Co., 289 Pa. 341, where certain bonds had been sold by a coal company under an agreement to place the proceeds in trust with the Union Trust Company to insure the payment of taxes which might be assessed against the coal company. We held that the agreement, pursuant to which the bonds were sold and the proceeds deposited with the trust company, created a trust which removed the funds from the control of the coal company and they were not attachable.

Appellee's counsel call to our attention Bank of United States v. Macalester, 9 Pa. 475, and urge upon us that support for their position may be found in that decision. There is such a difference between that case and this on their facts that as a precedent ruling the present controversy we must disregard it. There funds were deposited by the State of Illinois with the bank in a special ac-

count to pay interest coupons on canal company stock for which the state was liable. The coupons were in the form of an order on the bank to pay a specified sum to bearer. A general deposit account of the State in the bank was overdrawn and the bank resisted the claim of a coupon holder for payment on the ground that there were no funds available to pay the coupons. We did not pass upon the question whether the State could withdraw the money it had deposited to pay the coupons, but determined that as long as the deposit was permitted to remain in the bank's hands for the specific purpose, it would be a breach of trust on its part to appropriate the fund to any other purpose and to deny a coupon holder the right to receive his aliquot part of it. There the bank was resisting payment to a coupon holder, here the depositing corporation is demanding the money to its credit in the bank.

The coupons in the instant case were payable by the corporation "at its office or financial agency in the City of Philadelphia." They were not payable out of any trust fund or even by the trustee under the mortgage, but by the corporation itself. When each deposit was made the corporation simply authorized the bank to pay for the account of the corporation such maturing coupons as should be presented. No trust relation was thus created, only that which ordinarily exists between a bank and a depositor, that of debtor and creditor. If the bank had failed under the situation here existing, with coupons unpaid, it is clear that the loss would have fallen on the Lake Superior Corporation, not on the coupon holders.

Our conclusion is that under the circumstances appearing the receivers were entitled to the money in the bank's hands and the court below erred in not entering judgment in their favor.

The order of the court is reversed and it is directed that judgment be entered in plaintiffs' favor.