# In re Philadelphia Electric Company et al.

*Harry B. Schultz; John E. Stevenson* and *Edward A. Delaney,* Special Deputy Attorneys General; *Ralph B. Umsted,* Deputy Attorney General; and *Claude T. Reno,* Attorney General, for Commonwealth.

*H. Orvel Sebring, Jr., Thomas B. K. Ringe,* and *William Clarke Mason,* of *Morgan, Lewis & Bockius,* for petitioners.

FLOOD, J., February 26, 1943.—In this case the Commonwealth filed a petition under the Act of June 25, 1937, P. L. 2063, 27 PS §434, to compel the various respondent companies to pay certain items into the State Treasury without escheat. The court in an opinion heretofore filed held for the Commonwealth on all items claimed except dividends. As to those we held that since the act provided for the payment into the treasury of dividends only "where funds have been provided by the company for the payment of said dividends", and since there was a denial by respondent that any such funds had been set aside, we could not give judgment as to dividends without evidence on this point. The Commonwealth has submitted no evidence that any funds have been set aside, but has filed a brief sug-

gesting that judgment should be given without such proof.

The Commonwealth argues that dividends are payable only out of surplus and therefore there must be a surplus fund out of which they are declared, that declaration of the dividend makes the shareholder a creditor so far as the dividend is concerned, and that he therefore has a claim against the surplus fund. We agree, of course, that a dividend can properly be declared only out of surplus but we do not agree that any fund has to be set aside when the declaration is made. It is true that the shareholder at the moment of the declaration becomes a creditor as to the dividend but his claim is against the company and all of its assets and not against any particular fund.

If it be said that the amount is still payable to the Commonwealth because debts are covered by the act and the shareholder is now a creditor as to this fund, the answer is that since dividends are covered specifically in the act we cannot consider them as being intended to be covered by the provision with regard to debts: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 63, 46 PS §563; Commonwealth v. Brown et al., 346 Pa. 192 (1943).

The Commonwealth also argues that the declaration makes the shareholder a cestui que trust as to his dividend and the company a trustee as to such part of the surplus funds as are set aside or should be set aside to pay the dividend. It is true that the dicta in certain cases do read as though such a trust were created by the declaration of a dividend. But we are of the opinion that such language cannot be carried as far as the Commonwealth wants us to take it. For example, such language is used in In re Given's Estate, 323 Pa. 456 (1936), where the court said (p. 461): "When [dividends are] declared, they are set apart from corporate earnings. . . ." This would seem to indicate a trust, but the sentence goes on as follows: ". . . and the

relation of debtor and creditor is created". Homan et al., Receivers, v. First National Bank, 316 Pa. 23, 26, is also cited by the Commonwealth but in its dictum in that case the court was talking about a situation "where money is deposited in a bank by a corporation for the purpose of paying a dividend." In Dock v. Schlicter Jute Cordage Co., 167 Pa. 370 (1895), the court had before it a stock dividend, which may well create a trust as to stock in the treasury. But there is no indication and certainly no proof that any of the dividends we are considering are stock dividends. The Commonwealth has also cited cases from other jurisdictions such as LeRoy v. Globe Ins. Co. et al., 2 Edw. Ch. (N. Y.) 657 (1836), to the effect that there is a trust as to cash dividends without the physical setting aside of a fund. Even if these cases are still good law in the jurisdictions in which they were decided, they are not, in our opinion, in accord with law in Pennsylvania.

The mere fact that the providing of a fund is unnecessary to the establishment of the debtor-creditor relation between the corporation and the shareholder with regard to the dividend does not supply the place of the actual providing of the fund which the act requires. This interpretation would make the phrase in the act limiting its application to cases "where funds have been provided" mere surplusage.

Finally the Commonwealth contends that even if the dividends, where no funds have been set aside for payment, are not covered by the Act of 1937, supra, they are covered by the Act of June 7, 1915, P. L. 878, sec. 7, 27 PS §282, as amended by the Act of May 16, 1935, P. L. 195, sec. 1. It is true that that act by its terms applies to dividends whether or not a fund has been set aside for the payment. But that is an escheat act in the strict sense of the term and we do not have before us a petition for escheat but a petition to procure the payment of these unclaimed dividends into

the State Treasury without escheat. While dividends may very well be escheatable under the Act of 1915, that is not the object of the petition before us.

We adhere to our opinion heretofore filed. No decrees have been submitted in these cases up to date. Counsel will now submit to the court appropriate forms of decree covering these cases.