## Roehm v. Stetson et al.

*Jenkins, Bennett & Libby,* for plaintiff.
*Saul, Ewing, Remick & Saul,* for defendants.

SMITH, P. J., December 21, 1943.—This matter comes before the court en banc on exceptions filed to the findings of fact and conclusions of law of Fenerty, J., sitting as a judge without a jury. It appears that on June 5, 1940, plaintiff, May D. Roehm, obtained a judgment in an assumpsit action against John B. Stetson, Jr. On July 12th, plaintiff issued an attachment sur judgment versus defendant and summoned John B. Stetson Company, a corporation, as garnishee. The same day the attachment on garnishee was made, interrogatories and rule to answer were filed, and on July 30th garnishee's answer was filed. On August 21, 1940, plaintiff took a rule for judgment against the garnishee for insufficient answers. Supplemental answers were then filed; new interrogatories and an answer were filed on January 13, 1941; rule for judgment was discharged and an opinion filed; then an appeal was taken to the Supreme Court. This appeal was quashed by the Supreme Court on the ground that the order was interlocutory and therefore not appealable. The record was then returned to this court. Plaintiff took a rule upon defendant garnishee and a plea of nulla bona was made by the latter. Counsel then agreed that the case could be tried before a judge without a jury. The case was so tried and the court found for the garnishee and filed an opinion dismissing the various requests for findings of fact and conclusions of law. Plaintiff now takes exceptions to the findings of the court and its disposition of the requests for findings of fact and conclusions of law.

The facts in this case are not in dispute. A stipulation thereof was filed with the court by counsel for the garnishee and the attaching creditor. Under the stipulation as filed it appears that a judgment was properly entered against John B. Stetson, Jr., by plaintiff in the sum of $5,878.33 and that an attachment

was issued out of this court attaching the property belonging to him in the hands of John B. Stetson Company, a corporation. The stipulation further shows that on June 27, 1940, the John B. Stetson Company, hereinafter called the corporation, declared a dividend on its preferred stock payable as of the 15th day of July, 1940, and on July 11th the corporation addressed a letter to the Provident Trust Company of Philadelphia, hereinafter called the bank, as follows:
"Gentlemen:

We enclose our check payable to your order in the amount of $60,000 to place you in funds for the payment of the dividend payable July 15th on the preferred capital stock of our company."

It appears that on other occasions the bank had made distribution of the dividends of the corporation. With that letter there was enclosed a check in the sum of $60,000 drawn by the corporation upon The Pennsylvania Company for Insurances on Lives & Granting Annuities to the Provident Trust Company of Philadelphia. On the same day the bank acknowledged receipt of the letter and the check and deposited it in its account in the Fidelity-Philadelphia Trust Company designated as "Provident Trust Company of Philadelphia, Corporate Trust Funds, Reserve Account". On July 12, 1940, the Fidelity-Philadelphia Trust Company presented the said check of the John B. Stetson Company drawn to the order of the Provident Trust Company of Philadelphia and the same day it was cleared through the Philadelphia Clearing House and on the same day The Pennsylvania Company, upon which banking institution the corporation had drawn its check, debited the account of the corporation in that amount. On July 12th a check properly drawn by the bank on its corporate trust fund, reserve account, payable to a second account in the Fidelity-Philadelphia Trust Company designated as "Provident Trust Company of Philadelphia, Corporate Trust Fund" was deposited. On July 13th the Provident Trust Company

of Philadelphia drew a check on its corporate trust fund account in the Fidelity-Philadelphia Trust Company to the Provident Trust Company of Philadelphia, dividend disbursing agent for John B. Stetson Company preferred "to pay the dividends upon the preferred stock of John B. Stetson Company payable on the 15th day of July, 1940". On July 13, 1940, the bank deposited in its own banking department in an account entitled "Provident Trust Company of Philadelphia, Dividend Disbursing Agent for John B. Stetson Company preferred" its check in the sum of $60,000 drawn upon its corporate trust fund account in the Fidelity-Philadelphia Trust Company. On the same day the said account was credited in that amount. On July 15th the bank then presented its check in the sum of $60,000 drawn to the order of "Provident Trust Company of Philadelphia, Dividend Disbursing Agent for John B. Stetson Company Preferred Stock" upon its corporate trust fund account in the Fidelity-Philadelphia Trust Company and the same day the check was cleared.

On or prior to July 13, 1940, or two days prior to the day the dividends were payable under the resolution of the board of directors of the corporation, the bank drew its own checks upon its account as disbursing agent for John B. Stetson Company preferred in favor of the various holders of the preferred stock of the corporation including a check in the sum of $2,533 drawn to the order of John B. Stetson, Jr., defendant in this action. The bank had no notice of the attachment by plaintiff on the corporation until after the said check to the order of John B. Stetson, Jr., had been presented for payment to the bank and had, in fact, been paid by it on July 15, 1940, from the distribution account of that bank.

The stipulation also states that there was no express agreement, written or otherwise, between John B. Stetson Company and the holders of the preferred shares whereby the said shareholders had agreed to

look to the bank in lieu and in substitution for payment by the corporation. It was also stated in the stipulation that there was no express agreement, written or otherwise, between the bank and the holders of the preferred shares of the corporation relating to the payment of dividends on such shares, other than such obligation as arose out of law, if any, from the fact of the issuance of the checks of the bank to those who chose to accept them for payment. The stipulation also says that no notice was given to the holders of the preferred shares in the said corporation by endorsement on their share certificates or otherwise that they should look to the bank for the payment of dividends on their shares.

The attachment was made on the corporation and not the bank. The trial judge in refusing to affirm plaintiff's request for findings of fact and conclusions of law found that the bona fides of the transaction between the corporation and the bank is unquestioned. He also found in his opinion that the receipt of the money by the bank, with the attending circumstances, constituted it a trustee for the stockholders of the corporation; that the money no longer belonged to the corporation as long as the trust was faithfully executed nor to the bank, but to the stockholders, and that the payment to the bank on July 11, 1940, was in legal effect a payment directly to the preferred stockholders and that by defendant's acceptance of the check from the bank he ratified the trust.

The opinion also states:

"So far as the equities are concerned, John B. Stetson Company, having in good faith discharged its obligation to defendant, before the service of the writ of attachment, should not be required to pay a like sum to plaintiff in relief of defendant."

With the finding of the trial court we do not agree. It is a well-known principle of law that when a corporation by proper resolution declares a cash dividend to stockholders the relationship of debtor and creditor

is instantly established and this relationship exists and continues until the said stockholder has been paid his dividend. This relationship of debtor and creditor is fixed as of the date of the resolution, but if the dividends are not payable until some time thereafter the stockholder may not enforce his claim against the corporation for payment until the date provided for in the said resolution. In Walker et al. v. Gibbs et al., 2 Dallas 211, by a writ of foreign attachment, Gibbs was summoned as garnishee. The question was whether a bond of the garnishee not as yet matured was subject to the attachment. The court held (p. 212) :

"This *Scire Facias* is issued to revive and effectuate a judgment obtained in this Court; and, therefore, is regularly instituted here. It is true, that a bond is assignable in *Pennsylvania;* but if the bond in question had been actually assigned, the fact might have been pleaded to the former *Scire Facias.* As to the question, whether the debt was liable to attachment, we have no doubt. It was *debitum in presenti, solvendum in futuro:* And it has been the uniform construction of the act of Assembly, that such debts were affected by the attachment."

It is also true that when the dividend is once declared by the corporation it may not be revoked by it. Thus it seems to be that the relationship of debtor and creditor between the corporation and the shareholder continues until in fact the shareholder is paid the dividend. He has a right similar to all other creditors of the corporation to sue it, but he cannot enforce his right until the day provided for in the resolution itself. In Given's Estate, 323 Pa. 456, Mr. Justice Kephart said (p. 459) :

"The well established principle with respect to dividends is: 'It is the declaration of the dividend which creates both the dividend itself and the right of the stockholder to demand and receive it': *Fletcher on Private Corporations (Permanent edition)*, section 5321; *Opperman's Est.*, 319 Pa. 455, 464, 465."

In 14 C. J. 817, §1239, note 24(a), it is said:

" 'If by the declaration of the dividend, the corporation thereby becomes the debtor of the stockholder, it goes without saying that the debtor cannot revoke, recall or rescind the debt or otherwise absolve itself from its payment by any action on its part against or without the consent of the creditor.' McLaran v. Crescent Planing Mill Co., 117 Mo. A 40, 49. . . ."

If in addition to the declaration of the dividend a corporation then earmarks or sets aside a fund necessary to pay the dividends as declared, a trust fund is established and the corporation becomes the trustee of those funds while the shareholder has a vested interest in his share of them. In In re Interborough Consol. Corp., 288 Fed. 334, Rogers, J., said (p. 341) :

"The law is established that where a corporation has not only declared a dividend, but has specifically appropriated and set apart from its other assets a fund out of which the dividend is to be paid, such action constitutes the assets so set apart a trust fund in the hands of the *corporation* for payment of the stockholders, to the exclusion of other creditors." (Italics supplied.)

See 14 C. J. 816.

In 2 Cook on Corporations (8th ed.), 1871, it is stated that if funds to pay a dividend are placed on deposit in a bank the deposit cannot thereafter be withdrawn or reclaimed, either by the corporation or by its receiver—since the stockholders have acquired a lien in equity upon the deposit.

Where a dividend has been declared and a fund for its payment has been set aside, the fund is held in trust for the stockholders, and cannot be reached by the general creditors of the corporation or revoked by the corporation. See Le Roy v. The Globe Insurance Co. et al., 2 Edw. Ch. 657, People v. The Bank of Dansville, 39 Hun 187, and Lowene v. The American Fire Insurance Co. et al., 6 Paige 482.

The moment the said funds become so earmarked, the creditors of the corporation have no right to them and a receiver of a defunct corporation cannot attach them. In other words, the corporation is the trustee of the funds and the shareholders have an equitable interest therein even though these funds be transferred to a banking institution or in the hands of a third party for distribution to the shareholders. These funds as originally earmarked are trust funds and the corporation is still the trustee. The corporation furthermore still remains as a debtor to its stockholders as well as a trustee of the funds held for them. The original obligation of debtor still remains and the secondary obligation of holding specified funds until they are payable protects those funds in the hands of the trustee for the beneficiary from the other creditors of the corporation. The setting aside of the funds by a corporation does not relieve it of its primary obligation as debtor to the stockholder, neither may the earmarking of a fund to pay the stockholders on some future date be regarded as a payment to them. The facts in this case show that the attachment by the judgment creditor was made upon the corporation at a time when it was still obligated to pay the dividend to John B. Stetson, Jr. That obligation remained until July 15th. The attachment was made three days before that date. The fact that the corporation had turned over the sum of $60,000, which was necessary to pay the dividends, to the bank for distribution to the shareholders does not relieve the corporation of its obligation to pay them. The fact that the corporation cannot revoke its declaration of a dividend or that the creditors of a corporation cannot proceed against this fund in this particular case is immaterial to the facts of this case. If the turning over of the fund to the bank made payable at some future time is not in itself a payment to the shareholders, then the bank holds the fund as distributing agent for the corporation and in no other capacity. While

the corporation has no legal right to revoke the declaration of the dividend and call for the bank to return the funds to its general funds, nevertheless, until those funds are paid the corporation has control over those funds in the hands of the bank as a distributing agent. The substantive duty of the corporation is to pay the dividends as declared. The method of paying the dividends is simply ministerial, which it may for its own convenience transfer to a third party. If at any time before the fund is actually distributed a legal attachment is made upon the corporation by a judgment creditor of one of the shareholders, the corporation is bound under the legal attachment to direct the distributing agent not to make payment to that said shareholder.

The facts would indicate by the type and character of account in which the bank held these funds that it regarded itself as the agent for the corporation. The very title "Dividend Disbursing Agent of the John B. Stetson Company Preferred" shows clearly what the corporation considered the bank to be. The stipulation as filed also shows that the shareholders themselves did not look upon the bank as their trustee. The stipulation shows that there was no express agreement, written or otherwise, between the corporation and the shareholders wherein the shareholders agreed to look to the bank in lieu of and in substitution for payment by the corporation and that there was nothing on the share certificates themselves by endorsement or otherwise, providing for the payment of the dividend on their shares of stock.

This case is not controlled by the dictum in Homan et al. v. First National Bank, 316 Pa. 23, 26. In that case the receivers of a corporation brought an action against a bank to recover an unpaid balance on a deposit account placed there by a corporation for the purpose of paying coupons on its income bonds. Mr. Justice Schaffer by dictum said (p. 26) :

". . . where money is deposited by a corporation in a bank for the purpose of paying a dividend, the money so deposited is impressed with a trust in favor of the stockholders and cannot subsequently be withdrawn by the corporation."

With that statement as it stands, we have no difficulty. The moment the corporation itself earmarks and sets aside a fund for the payment of dividends, those funds are impressed with a trust and the corporation holding the legal title to the fund becomes the trustee of the fund for the stockholders. Those funds thus impressed cannot be returned by the corporation to its general funds. It does not affect this relation if either the corporation continues to hold the fund so earmarked until it makes distribution to the shareholders in accordance with the provisions of the resolution declaring the dividend, or whether for its own convenience it transfers the possession of the fund so impressed with the trust to a third party as its distributing agent. The legal title remains in the corporation as trustee. The fund is still impressed with a trust no matter where it may be traced, but the corporation does not relieve itself of its obligation as a trustee to its shareholders by the transfer of the funds to a third party unless it is done with the consent of the stockholders themselves. If the third party should misappropriate the funds or dissipate them, the trustee would still be obligated to pay the stockholder.

The question whether the fund so deposited creates a principal and agent account, revocable at will, or an irrevocable trust relationship depends on the facts of the particular case: Austin-Nichols & Co., Inc., v. Union Trust Co. et al., 289 Pa. 341. In the instant case there is no evidence of an express trust imposed on the bank. The possession of the funds was transferred by the corporation to the bank so that, as the agent of the corporation and for its convenience, it could pay the dividends when payable under the provisions of the

resolution of the board of directors of the corporation. The legal status of the agent rises no higher than if it had been a distribution department of the corporation itself. The corporation by no express words in its letter shows any intention of making the bank a trustee. The letter merely states:

"We enclose our check payable to your order in the amount of $60,000 to place you in funds for the payment of the dividend payable July 15th on preferred capital stock of our company."

The bank held the funds in its special account as "Dividend Disbursing Agent for John B. Stetson Company Preferred". The shareholders did nothing to show that they regarded the bank as their trustee in substitution for the corporation.

In 5 C. J. 912, it is stated:

"A mere direction by a party to his agent to apply certain funds to the payment of a debt does not operate as an equitable assignment of such fund, because such direction, until acted upon, may be revoked."

It has been decided that creditors of a beneficiary may attach funds belonging to him in the hands of a trustee or funds which the trustee is obligated to pay: Moys v. Union Trust Co., 276 Pa. 58; Long et al. v. Tradesmens National Bank & Trust Co., 108 Pa. Superior Ct. 363.

In 28 C. J. 46, §47, it is stated:

"In order that property may be in the possession, or in the hands, or under the control of a person so as to render him liable to be charged as garnishee therefor, it is not necessary that it should be in his actual personal custody and within his manual touch; it is sufficient if he has the control of or dominion over the property, with the power to take it into his personal custody." (See Roudebush v. Hollis et al., 21 Pa. C. C. 324.)

If it is logical that the corporation at all times up to the time of payment was obligated as a debtor to its

shareholders then we must conclude that a payment made by the corporation to the bank was not in fact a payment to the shareholders. In Mignatti v. General Mortgage Financing Corp. et al., 325 Pa. 113, Mr. Justice Schaffer said (p. 116):

"In his usual clear and able way, Judge Keller of the Superior Court stated the legal principles which govern this controversy in *Fisher v. McFarland*, 110 Pa. Superior Ct. 184, 186, 167 A. 377, from whom we quote: 'The principle at the base of an attachment execution is that the garnishee owes money to the judgment debtor, or has in his possession money or property, belonging to the latter, which he (the judgment debtor) has a legal right to require the garnishee to pay him, except for the attachment . . . If the garnishee owes the judgment debtor nothing or has in his possession no money or property belonging to the latter, the attachment falls: *Austin-Nichols & Co., Inc., v. Union Trust Co.,* 289 Pa. 341, 346, 137 Atl. 461.' "

In Meyer v. Pianti et al., 109 Pa. Superior Ct. 313, Keller, J., said (p. 314):

"Plaintiff's right of recovery in this proceeding was based on the premise that the garnishees owed money to the judgment debtor, Pianti, or had money in their hands belonging to him, which he had a legal right to require them to pay to him, except for the attachment."

The attaching creditor in this case stands in the shoes of defendant in the attachment, having no greater or lesser rights against the garnishee than defendant had. In Austin-Nichols & Co., Inc., v. Union Trust Co., 289 Pa. 341, Mr. Justice Sadler said (p. 346):

"His rights [those of the attaching creditor] cannot rise higher than those which defendant had against the garnishee, and the liability of the latter is measured by his responsibility in case the debtor himself had brought an action to recover."

In King et al. v. The Patterson & Hudson River R. R. Co., 29 N. J. L. 504, the corporation had de-

clared a dividend payable at a bank in which the money had been deposited for the purpose of payment. The bank failed. The court held (p. 507):

"The debt is strictly demandable and to be paid at the office of the corporation. Admitting the right of the corporation to make it payable elsewhere, it must be done at the risk of the corporation. The debtor has no right, without the consent of the creditor, expressed or implied, to intrust a third party with the fund for the purposes of payment. The trust company with whom the funds were deposited for payment was the agent of the corporation, not of the stockholders; of the debtor, not of the creditor."

In those cases where the property is in the actual custody of an agent of the principal it is constructively in the custody of the principal, and the latter may be held as garnishee. In 28 C. J. 48, §50, it is said:

"But under the rule that the garnishee's possession must be pursuant to contractual privity between him and defendant, an agent or servant cannot be held as garnishee where he is accountable to his principal or employer, and not to defendant."

In 7 Standard Pa. Practice 618, sec. 555, it is stated:

"In general, the person made garnishee in attachment execution proceedings should be the one who owes the debt which is attached, and not his agent."

Thus it would appear that the debtor and creditor relationship, brought into being by the declaration of the dividend by the corporation, is not destroyed by the earmarking of the trust fund. Defendant still remains a creditor of the corporation with the additional vested right in his share of the trust fund. This right remains until the shareholder is paid and the date the debt is payable is July 15, 1940.

Since the shareholder himself could not collect from the corporation and certainly not from the bank, attending to the ministerial duty of the corporation, until that date, the property in this fund still remains

in the corporation as trustee and the possession of the fund remains in the bank merely as agent for the trustee. In Patterson et al. v. Caldwell et al., 124 Pa. 455, it was held that an attachment execution may seize the vested legacy though the right of possession of that legacy may be postponed.

By analogy the attachment of a judgment creditor of a stockholder in a corporation is good as long as there exists between the corporation and the stockholder the right of debtor and creditor. It would also seem under the law that a vested right held in trust is subject to attachment. In Park v. Matthews, 36 Pa. 28, it was held that interest or proceeds of funds in the hands of trustees are liable to attachment. The mere fact that the dividend is payable at a future date does not alter the rights thus created. There is a debt created in favor of the stockholder even if the dividend is payable at some future date: Cogswell v. The Second National Bank, 78 Conn. 75; Dock v. Schlichter Jute Cordage Co., 167 Pa. 370.

An agent does not have title to the property of his principal. He merely has possession thereof and he undertakes to act on behalf of his principal and subject to his control. He does not release the principal of his liabilities to third parties.

The corporation has failed to recognize the legal attachment against the fund payable to defendant as a dividend. For such failure of its legal obligation, it is liable to the attaching creditor for the funds which she would otherwise have been paid under the attachment execution.

We are, therefore, of the opinion that plaintiff's exceptions to the learned trial judge's findings of fact and conclusions of law should be sustained and the finding in favor of the John B. Stetson Company, a corporation, garnishee, should be set aside and judgment entered in favor of plaintiff.

And now, to wit, December 21, 1943, it is ordered that judgment be entered in favor of May D. Roehm,

plaintiff, and against John B. Stetson Company, a corporation, garnishee, in the sum of $2,533, together with legal interest thereon from July 12, 1940.

NOTE.—An appeal from the judgment entered pursuant to the foregoing opinion was taken to the Supreme Court of Pennsylvania thus bringing up for review the present opinion as well as that filed by Fenerty, J., mentioned in the present opinion and reported in 44 D. & C. 76. The case was, however, settled before a decision by the Supreme Court so that the question remains undetermined by the appellate court. As noted in the foregoing opinion, an appeal from the order of Fenerty, J., discharging rule for judgment against the garnishee was quashed by the Supreme Court on the ground that that order was interlocutory.