## Smith v. Lawyers Title Insurance Corp.

*William H. Colvin, William H. Colvin, Jr.,* and *Prichard, Lawler, Malone & Geltz,* for plaintiff.

*John H. Neely* and *Howard Zacharias,* for defendant.

KENNEDY, J., January 5, 1951.—Preliminary objections ex parte defendant have been filed to the complaint and amended complaint in assumpsit in the above-captioned proceedings. The preliminary objections request judgment in defendant's favor, pressing the contention, inter alia, that a valid cause of action has not been averred. The objections also question the right of plain-

tiff to bring a suit on the contract pleaded, which is a real estate title insurance policy on lot no. 1793 in West Liberty Improvement Plan of Lots, and fully described in the policy, for the reason that this policy was issued to Iva M. Smith (this plaintiff), Betty Jane Smith and Eleanor Mae Smith, as joint tenants with the right of survivorship and not as tenants in common.

Plaintiff is seeking a judgment in the sum of $1,724.22, with interest from April 20, 1949, based on the admitted fact, at this stage of the suit, that a judgment was entered against her by confession in a like sum following receipt of the policy, and the judgment encumbers her undivided interest in the real estate insured and makes the title unmarketable. And, further, that the judgment dates back to the recording of a certain second mortgage on the property insured, namely, March 20, 1929.

Chronologically, the complaint as amended sets forth that plaintiff, Iva M. Smith, and her husband, J. Edgar Smith (now deceased), purchased lot no. 1793 in the West Liberty Improvement Plan, and also known and numbered 924 Fordham Avenue, on November 13, 1924, subject to a first mortgage held by Potter Title and Trust Company. Both the deed and the mortgage were duly recorded.

It is further averred that on March 20, 1929, plaintiff and her husband (who died in February 1937) gave their bond and executed a second mortgage on the property involved conditioned for the payment of real debt of $1,200 to Kaufman Realty Corporation. Plaintiff defaulted in the payments due on both the first and the second mortgage, and the holder of the first mortgage, viz., Potter Title and Trust Company, issued a writ of lev. fa. and the property was sold to it by the Sheriff of Allegheny County, and his deed to the trust company was dated December 19, 1942, and duly recorded.

On July 17, 1943, plaintiff, Iva M. Smith, and her daughters, Betty Jane and Eleanor Mae Smith, purchased the property from the Potter Title and Trust Company, taking title as joint tenants with right of survivorship and not as tenants in common.

It is further averred that these owners of the property arranged for refinancing of the mortgage loan, obtained when they purchased the premises, with Mortgage Service Corporation; that on February 27, 1947, defendant company having been employed, submitted a settlement sheet and later issued a policy of title insurance to them; that neither the settlement sheet nor the insurance policy excepted from their provisions the unsatisfied mortgage held by Kaufman Realty Corporation, and dated March 20, 1929, and duly recorded, nor was this plaintiff's (Iva M. Smith) attention called to the fact that the bond that she with her husband gave at the time of the execution of the mortgage might be entered against her as a lien; and that so far as her interest here involved is concerned would date back to the date of the mortgage.

The refinancing of the mortgage was completed, and on April 10, 1947, plaintiff received by mail the policy of insurance here sued upon, which is dated March 3, 1947.

On December 11, 1948, Kaufman Realty Corporation confessed judgment on the bond which it held, in the sum of $1,724.22, and which accompanied the second mortgage, against plaintiff herein.

The contention of plaintiff that this judgment of the Kaufman Realty Corporation dates back to the day when its divested mortgage was recorded is not supported by any of the authorities cited in the brief submitted by her counsel. These cases are: Keene Home v. Startzell, 235 Pa. 110, 83 Atl. 548; Hunter's Estate, 257 Pa. 32; O'Maley v. Pugliese, 272 Pa. 356; Fisher v.

McFarland et al., 110 Pa. Superior Ct. 184; Cohock-sink Mutual Building & Loan Assn. v. Haviland, 30 Montg. 84.

An examination of them discloses that the mortgages to which the judgments on the bonds related back were open liens charged upon the real estate covered by the mortgages.

The pertinent part of section 1 of the Act of April 30, 1929, P. L. 874, 21 PS §651, states the following:

"A judicial or other sale in proceedings under a prior ground rent, or in foreclosure of a prior mortgage, shall discharge a mortgage later in lien."

In the case of Bowen v. Boyd Enterprises, Inc., et al., 326 Pa. 385 (389) (1937), the following is stated:

"The decisions of this court in Rauch v. Dech, 116 Pa. 157, and Rushton v. Lippincott, 119 Pa. 12, hold that the lien of a junior mortgage discharged by judicial proceedings is not revived when the mortgagor by conveyance from the purchaser at the sheriff's sale reacquires title to the mortgaged premises. The sale divests the liens upon the property, and when the purchaser subsequently conveys the premises to the former mortgagor-owner, the latter takes the same title which the purchaser acquired at sheriff's sale."

The title insurance contract obligates defendant to plaintiff and her two daughters to protect them in the property in their names to the extent it "is good and marketable and clear of all liens and encumbrances."

One of the conditions of the policy is that defendant company does not assume:

"Defects, liens and encumbrances created or suffered by the Insured, or for which the Insured was liable or responsible at the date of the Policy, are excepted from the insurance."

There is no contractual obligation on the part of defendant that would require it to call to the attention

of plaintiff that the bond which she and her husband executed in favor of Kaufman Realty Corporation on March 20, 1929, might later be either sued upon, or if there was a warrant of attorney to confess judgment, be entered as a judgment against her. This plaintiff rather than any one else knew if she had any outstanding debts.

It is clear from the law exemplified in the Bowen case, supra, that this judgment of the Kaufman Realty Corporation, entered against this plaintiff on December 11, 1948, does not date back to the date of its divested mortgage, and, therefore, it was not even a potential lien or encumbrance against plaintiff's interest in the real estate involved either on February 27, 1947, or on March 3, 1947, the date of the policy.

It is therefore our conclusion that plaintiff in her complaint and amended complaint has not set forth a legal and valid claim against defendant. Since it is admitted that the complaint cannot be additionally amended, the preliminary objections not only will be sustained but judgment will be directed to be entered in favor of defendant. Because of this conclusion it is not necessary to discuss the further contention of defendant that this plaintiff, Iva M. Smith, alone has no legal cause of action on the title insurance policy in suit.

However, in the case of Bowers Company v. London Assurance Corporation, 90 Pa. Superior Ct. 121 (125), the following appears:

"The general rule in force in this state is that if a contract is joint, the joint contractees must join in one action to enforce it. . . . An insurance policy is no exception to the rule."

This case was cited with approval in Pittsburgh Underwriters v. Mutual Life Insurance Company of New York, 149 Pa. Superior Ct. 554 (1942).